*Filer's Name, Address, Phone, Fax, Email:*

RUSH MOORE LLP
A Limited Liability Law Partnership

SUSAN TIUS  2873
NATHANIEL A. HIGA  9064
737 Bishop Street, Ste. 2400
Honolulu, Hawaii  96813-3862
Tel. No. 521-0406;  Fax No. 521-0497;  Email: Stius@rmhawaii.com

Attorney for TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE
PAUAHI BISHOP, also known as KAMEHAMEHA SCHOOLS



**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF HAWAII**
**1132 Bishop Street, Suite 250**
**Honolulu, Hawaii 96813**

hib_4001-1cs  (12/09)

| | | |
|---|---|---|
| *Debtor:*    KERENAKUPU ESERA-VEGAS aka KERENA VEGAS | *Case No.:* | **12-02080** |
| *Joint Debtor:*<br>*(if any)* | *Chapter:* | **13** |

| | |
|---|---|
| **COVER SHEET - MOTION FOR RELIEF FROM STAY**<br><u>*Instructions:*</u> *Complete A. for all motions.  Complete B. if seeking to enforce security interest.  Complete C. if motion concerns a lease.  Complete D. for other types of relief.  Complete E. if seeking extraordinary relief.* | *Hearing Date:*<br>*Time:* |

**A. Relief sought under**    ☑ 11 U.S.C. § 462(d) – Automatic Stay    ☑ 11 U.S.C. § 1301(c) – Chapter 13 Codebtor Stay

Movant:   TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE PAUAHI BISHOP, also known as KAMEHAMEHA SCHOOLS ("KS")

Role (mortgagee, lessor, agent, plaintiff, etc.):   Owner        ☐ Debtor's principal residence

Subject Matter (real/personal property, litigation, etc.):
(use address/TMK/vehicle ID, etc.)    53-065 Kamehameha Hwy, Hauula, HI 96717

If pending litigation, last major prepetition event:
(decree of foreclosure, writ of possession, etc.)

| **B. Security Interest (mortgage, lien, etc.)** | Movant's lien position (1st, 2nd, etc.): |
|---|---|
| Date of loan: | Maturity date: |
| Original amt: $ | Principal bal: $ | Interest, late fees, etc.: $ |
| Monthly pmt: $ | Prepetition arrears: $ | Postpetition arrears: $ |

| Debtor's valuation in schedules: $ | Movant's valuation (if different): $ |
|---|---|

| List all encumbrances: | Sr. lien: | $ |
|---|---|---|
| | 2nd lien: | $ |
| | Total other liens: | $ |
| | Add all liens ........................................................................................ | $ |

| **C. Lease** | Date of lease: | Payment: $ | per |
|---|---|---|---|
| Prepetition arrears: $ | | Postpetition arrears: $ | * |

**D. Other**    Describe relief sought, title of action and court of any litigation, and any applicable insurance:
Relief, to the extent applicable, to proceed against Debtor and Codebtor to redress and prevent their past, continuing and potential activities at the Property which are inconsistent with and in violation of KS' rights as the owner of the Property.

**E. Extraordinary relief requested:**    ☐ Retroactive relief    ☐ "in rem" relief    ☑ No stay of order

The above information summarizes allegations in attached motion.    /s/ _____ Susan Tius
                                                               For Movant

RUSH MOORE LLP
A LIMITED LIABILITY LAW PARTNERSHIP

SUSAN TIUS                    2873
NATHANIEL A. HIGA             9064
737 Bishop Street, 24th Floor
Honolulu, Hawaii  96813
Telephone:  (808) 521-0406
Facsimile:  (808) 521-0497
E-mail: stius@rmhawaii.com

Attorneys for TRUSTEES UNDER THE WILL
 AND OF THE ESTATE OF BERNICE PAUAHI
 BISHOP, also known as KAMEHAMEHA SCHOOLS

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>KERENAKUPU ESERA-VEGAS aka KERENA VEGAS,<br><br>          Debtor. | Case No. 12-02080<br>(Chapter 13)<br><br>PRECAUTIONARY MOTION FOR RELIEF FROM AUTOMATIC AND CODEBTOR STAYS; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF DIANE M. KAWAHAKUI; EXHIBITS "1" - "2"; DECLARATION OF SUSAN TIUS; EXHIBITS "3" - "8"<br><br>Date:  +, 2013<br>Time: 1:30 p.m.<br>Judge:  Honorable Robert J. Faris |

## PRECAUTIONARY MOTION
## FOR RELIEF FROM AUTOMATIC AND CODEBTOR STAYS

TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE PAUAHI BISHOP, also known as KAMEHAMEHA SCHOOLS ("KS"), move this Court, on a precautionary basis, for relief from the automatic stay to permit KS to exercise its rights and remedies as owner of the real property commonly known as 53-065 Kamehameha Highway, Hauula, HI 96717, designated as TMK No. (1) 5-3-001-029 ("Property"), against KERENAKUPU ESERA-VEGAS ("Debtor"), the Debtor herein, and JEFFREY VEGAS ("Codebtor"), Debtor's spouse who is not in bankruptcy. KS seeks relief from the automatic stay and codebtor stay, to the extent applicable, for the purpose of proceeding with actions against Debtor and Codebtor to redress and prevent Debtor and Codebtor's past, continuing and potential activities at the Property which are inconsistent with and in violation of KS' rights as the owner of the Property. Debtor and Codebtor's actions are in contempt of an order, judgment and writ entered by the State Court in the case entitled Trustees Under the Will and of the Estate of Bernice Pauahi Bishop, also known as Kamehameha Schools v. Jeffrey Vegas, et al., Civ. No. 09-1-1074-05, in the Circuit Court of the First Circuit, State of Hawaii, ("State Court Action") which finally and fully determined that the former interests of Debtor and Codebtor in the Property were terminated. Debtor and Codebtor are ignoring the State Court's

2

Orders in contravention of KS' rights as owner of the Property seemingly in reliance on this Court's Order Confirming Chapter 13 Plan entered herein on February 28, 2013. Relief from this Court is sought to make clear for the State Court that nothing that has occurred in the Debtor's Chapter 13 case changes the outcome and effect of the order, writ and judgment entered in the State Court Action.

KS further requests that the 14 day stay imposed by Fed. R. Bankr. P. 4001(a)(3) not apply and that the Order Granting this Motion be enforceable immediately upon its entry. This request is due to the fact that Debtor and Codebtor have repeatedly unlawfully entered and caused damage to the Property and KS has reason to be concerned about potential actions of Debtor and Codebtor, who are ignoring the final decisions of the State Court. KS, in order to preserve and protect its ownership rights against Debtor and Codebtor's actions, will seek appropriate relief in the State Court to enforce that Court's Orders returning the Property to KS and terminating Debtor and Codebtor's interests therein.

This Motion is made pursuant to 28 U.S.C. §§ 157(a) and 1334, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. §§ 541, 362(d)(1) and 1301, LBR 4001, the Memorandum in Support of Motion, Declaration of Diane M. Kawahakui; Exhibits "1" - "2"; and Declaration of Susan

U.S. Bankruptcy Court - Hawaii   #12-02080   Dkt # 67   Filed  03/12/13   Page 4 of 90

Tius; Exhibits "3" - "8", the records and files in the case, and such other and further matters as may be presented herein.

DATED:  Honolulu, Hawaii, March 12, 2013.

/s/Susan Tius
SUSAN TIUS
NATHANIEL A.  HIGA
Attorneys for TRUSTEES UNDER THE
WILL AND OF THE ESTATE OF
BERNICE PAUAHI BISHOP, also known
as KAMEHAMEHA SCHOOLS

4

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>KERENAKUPU ESERA-VEGAS aka<br>KERENA VEGAS,<br><br>Debtor. | Case No. 12-02080<br>(Chapter 13) |

MEMORANDUM IN SUPPORT OF MOTION

TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE

PAUAHI BISHOP, also known as KAMEHAMEHA SCHOOLS ("KS"), in

support of this Motion for Relief from Automatic Stay, file this Memorandum.

## I.    BACKGROUND.

KS owns certain real property located at 53-065 Kamehameha Hwy, Hauula,

Hawaii  96717 ("Property").  Declaration of Diane M. Kawahakui, dated March

11, 2013, ("Kawahakui Decl.") ¶ 2.  KERENAKUPU ESERA-VEGAS ("Debtor"),

the debtor herein, and JEFFREY VEGAS ("Codebtor") were the lessees under

Ground Lease No. 10,936, dated November 1, 1956, under which KS was the

Lessor.  Ex. "3" at 3.  KS instituted an action to terminate the Ground Lease in the

case entitled <u>Trustees Under the Will and of the Estate of Bernice Pauahi Bishop,</u>

<u>also known as Kamehameha Schools v. Jeffrey Vegas, et al.</u>, Civ. No. 09-1-1074-

05, in the Circuit Court of the First Circuit, State of Hawaii ("State Court Action") and was awarded summary judgment on June 20, 2012. *Id.* at 1. The Circuit Court entered (1) Findings of Fact; Conclusions of Law; Order Granting Plaintiffs' Motion for Summary Judgment as Against All Defendants filed on November 8, 2011 (Ex. "3"), (2) Judgment (Ex. "4"), and (3) Writ of Possession (Ex. "5") (collectively, "June 20, 2012 Orders"). The June 20, 2012 Orders terminate and cancel the Ground Lease and return all right, title and interest in the Property to KS. Ex. "3" at 8. The June 20, 2012 Orders also enter judgment against Debtor and Codebtor in the amount of $163,116.24. Ex. "4" at 2. The Writ of Possession was served and possession of the Property was surrendered to KS on August 13, 2012. Ex. "5". The Debtor and Codebtor signed a release and abandonment of all personal property left on the Property on August 7, 2012. Ex. "1". There was no appeal of the June 20, 2012 Orders by the Debtor or Codebtor. Declaration of Susan Tius, dated March 11, 2013, ("Tius Decl.") ¶ 3. Ex. "8". The June 20, 2012 Orders are final. Tius Decl. ¶ 4.

On October 22, 2012, Debtor commenced this Chapter 13 case. *See* Docket. On October 11, 2011, an earlier Chapter 13 case filed by Debtor and Codebtor, designated as No.10-00906, was involuntarily dismissed. *Id.*

HOWARD M.S. HU ("Trustee") is the duly appointed Trustee in the Debtor's case.

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed 03/12/13  Page 7 of 90

On February 28, 2013, this Court entered an Order Confirming Chapter 13 Plan in Debtor's case. Ex. "6". The Plan, in Section 4.08 concerning "unexpired leases," reflects "Ksbe". Ex. "6". On January 25, 2013, KS filed an Objection to the Plan raising this and other fundamental errors in the Plan. Ex. "7". On February 21, 2013, at the confirmation hearing, the Trustee and Debtor's counsel in arguments to the Court, represented that, regardless of the matters in KS' Objection, the only significant point was that the Plan was fully paid and any recovery in the State Court litigation would be paid to the Trustee for administration through the Plan. Tius Decl. ¶ 5. KS is filing a motion for reconsideration and/or clarification of the Order Confirming Chapter 13 Plan. Tius Decl. ¶ 5.

On March 1, 2013, KS was informed that the locks it had used to secure the Property had been cut and another lock put on the gate to the Property. Kawahakui Decl. ¶ 3. On March 3, 2013, KS was informed that its replacement lock for the Property had been cut again. Kawahakui Decl. ¶ 4. On March 5, 2013, KS was informed that the third lock was found cut. Kawahakui Decl. ¶ 5. On March 5, 2013, Debtor and Codebtor came on to the Property, without invitation, and spoke with KS' representatives, Todd Gray ("Gray") and Diane Kawahakui ("Kawahakui"), who were working at the Property. Kawahakui Decl. ¶ 6; 8. The police were called to the Property. Kawahakui Decl. ¶ 7. Debtor and Codebtor

3

tried to have the KS representatives arrested. Kawahakui Decl. ¶ 13. Debtor and

Codebtor admitted that they cut the locks placed by KS on the Property.

Kawahakui Decl. ¶ 15. Debtor and Codebtor also admitted that they had placed a

notice on the Property in or around October of 2012. Kawahakui Decl. ¶ 16. Ex.

"2". Debtor and Codebtor contended that the federal court ruled that the Property

was given back to the Vegases. Kawahakui Decl. ¶ 11. This apparently is a

reference to this Court's Order Confirming Chapter 13 Plan entered February 28,

2013.[1]

On March 5, 2013, KS' counsel contacted Debtor's counsel regarding

Debtor's unlawful actions at the Property. Tius Decl. ¶ 6. Debtor's counsel

informs KS' counsel that he had not told the Debtor that she had any rights in the

Property, but only that: (1) there is an automatic stay; and (2) state law controls.

Tius Decl. ¶ 7. Debtor's counsel knew, or should have known, from a review of

the June 20, 2012 Orders, that the lease was terminated. Debtor's counsel's

gamesmanship in playing off Bankruptcy Court proceedings against State Court

Orders has added to the damages being caused to KS by Debtor and Codebtor's

activities. *In re Lady Liberty Tavern Corp.*, 94 B.R. 812, 814 (Bankr. S.D.N.Y.

---

[1] KS is filing a Motion for Reconsideration and/or Clarification of the Order
Confirming Chapter 13 Plan on the grounds that the Plan and related petition and
schedules contain numerous misstatements of fact and law.

4

1988) ("Bankruptcy proceedings may not be used to re-litigate issues already resolved in a court of competent jurisdiction.").

## II.   **<u>LEGAL STANDARD.</u>**

Upon the filing of a bankruptcy case, a bankruptcy estate is created comprised of all of debtor's property, including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). The automatic stay generally prohibits actions to recover a claim against a debtor or property of the debtor's estate during the bankruptcy case. 11 U.S.C. § 362(a). However, on request of a party in interest, a stay may be lifted "for cause," including "bad faith" or "misconduct." *Bailey & Assocs. APC v. Brown & Charbonneau, LLP (In re Bailey & Assocs., APC)*, 2011 U.S. Dist. LEXIS 101364, *9 (Bankr. C.D. Cal. Sept. 6, 2011) (bad faith as "cause"); *In re Madison Hotel Corp.*, 175 B.R. 94, 97 (Bankr. N.D. Ala. 1994) (misconduct as "cause").

Finally, the Court can grant relief from an automatic stay "with or without a hearing . . . as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing." 11 U.S.C. § 362(f).[2]

---

[2] KS has sought an expedited hearing of this Motion because the Debtor and Codebtor admitted to repeatedly breaking into the Property. Debtor and Codebtor assert that the Property belongs to them. On March 5, 2013, Debtor and Codebtor tried to have an officer from the Police Department arrest KS staff for being present at the Property. KS is entitled to unfettered access to its Property. KS's

## III.  ARGUMENT.

### A.  The Automatic Stay Does Not Apply to the Property.

Debtor and Codebtor did not have an interest in the Property at the time Debtor filed her bankruptcy petition.  The automatic stay only applies to actions against property that is part of the bankruptcy estate.  11 U.S.C. § 362(a).  Pursuant to Section 541 of the Bankruptcy Code, the debtor's estate is comprised of property in which the debtor had an interest at the time the bankruptcy petition was filed. Here, Debtor's petition was originally filed on October 22, 2012.  However, prior to the filing of Debtor's bankruptcy, the Hawaii State Circuit Court entered the June 20, 2012 Orders terminating and canceling the Ground Lease between KS and Debtor and Codebtor, and returning all right, title and interest in the Property to KS.  Debtor and Codebtor acknowledged the June 20, 2012 Orders by abandoning their personal property left at the Property on August 7, 2012.  Moreover, Debtor and Codebtor were served with the Writ of Possession and possession of the Property was surrendered to KS on August 13, 2012.  Therefore, Debtor and Codebtor had no interest in the Property on October 22, 2012 when Debtor's bankruptcy petition was filed, the Property is not part of the bankruptcy estate, and it is not be subject to the automatic stay.  *In re Brettschneider*, 322 B.R. 606, 610 (Bankr. D.S.C. 2005) (finding that "the Agreement was terminated by the creditor

ownership rights have been impaired by the Debtor and Codebtor's wrongful conduct, which has damaged the Property.

6

prior to the debtor's filing of his Petition for Relief in bankruptcy . . ., and that the subject property was therefore not property of the estate");[3] *In re Studebaker's of Ft. Lauderdale, Ltd.*, 73 B.R. 217, 220, (Bankr. N.D. Fla. 1987) ("Where the debtor has lost all interest in the property prior to the filing of a petition under the Code, we conclude that we should not rely on equitable considerations to revive the debtor's interest and to make the automatic stay provisions applicable.") (citing *In re Fidelity American Mortgage Co.,* 19 B.R. 568, 573 (Bankr. Pa. 1982)).

KS is entitled to an order clarifying that the Property is not part of the bankruptcy estate and not subject to the automatic stay so that KS can pursue contempt sanctions against Debtor and Codebtor for refusal to obey the June 20, 2012 Orders and/or civil damages for trespass on the Property. Relief from this Court is necessary to make clear for the State Court that nothing that has occurred in the Debtor's Chapter 13 case changes the outcome and effect of June 20, 2012 Orders entered in the State Court Action.

B.    The Actions To Be Taken By KS Are Not Violations of any Stay.

In the alternative to the above argument, the actions KS seeks to take are not violations of the automatic stay. The Bankruptcy Code automatic stay prohibits actions to recover a claim against the debtor or property of the estate. 11 U.S.C. § 362(a). KS seeks to enforce its own property rights. Therefore, KS's action to

---

[3] In *Brettscneider*, the Court lifted the stay for "cause." 322 B.R. at 610.

enforce the June 20, 2012 Orders regarding KS's rights to the Property are not violations of the automatic stay as they are not actions to recover a claim against the Debtor or property of the estate. The June 20, 2012 Orders, in addition to returning the Property to KS and expunging all rights on the Debtor and Codebtor in the Property, gave KS a money judgment against Debtor and Codebtor in the amount of $163,116.24. KS does not seek to enforce this monetary damages claim. Rather, KS seeks to enforce its own property rights against the Debtor and Codebtor's wrongful conduct. The automatic stay does not give the Debtor or Codebtor license to commit torts or ignore State Court orders. *In re Keaty*, 350 B.R. 723, 726 (Bankr. W.D. La. 2006) ("[A] debtor's post-petition conduct is not protected by the automatic stay.")

Because Debtor and Codebtor's past and continuing activities at the KS Property occurred after the filing of Debtor's petition on October 22, 2012, and are inconsistent with and in violation of KS' rights as the owner of the Property, they are not subject to the automatic stay. KS is entitled to an order clarifying that its pursuit of contempt sanctions against Debtor and Codebtor for refusal to obey the June 20, 2012 Orders and/or civil damages are not violations of the automatic stay as they are based on Debtor and Codebtor's post-petition conduct. Relief from this Court is necessary to make clear for the State Court that nothing that has occurred

in the Debtor's Chapter 13 case changes the outcome and effect of the June 20, 2012 Orders entered in the State Court Action.

IV.  **CONCLUSION.**

Based on the foregoing, KS respectfully request that this Court either confirm that there is no stay related to the Property or that any stay is lifted for purposes of allowing KS to enforce its property rights against Debtor and Codebtor.  Relief from this Court is necessary to make clear for the State Court that nothing that has occurred in the Debtor's Chapter 13 case changes the outcome and effect of the June 20, 2012 Orders entered in the State Court Action.

DATED:  Honolulu, Hawaii, March 12, 2013.

*/s/Susan Tius*
SUSAN TIUS
NATHANIEL A.  HIGA
Attorneys for TRUSTEES UNDER THE
WILL AND OF THE ESTATE OF
BERNICE PAUAHI BISHOP, also known
as KAMEHAMEHA SCHOOLS

9

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

In re

KERENAKUPU ESERA-VEGAS aka
KERENA VEGAS,

Debtor.

Case No. 12-02080
(Chapter 13)

---

## DECLARATION OF DIANE M. KAWAHAKUI; EXHIBITS "1" AND "2"

I, DIANE M. KAWAHAKUI, do hereby declare under penalty of law that
the following is true and correct:

1.      I am employed by the TRUSTEES UNDER THE WILL AND OF

THE ESTATE OF BERNICE PAUAHI BISHOP, also known as

KAMEHAMEHA SCHOOLS ("***KS***") as a Property Operations Manager.  I submit

this Declaration in support of the Precautionary Motion for Relief from Automatic

and Codebtor Stays (the "***Motion***").  Unless otherwise stated, the statements in this

declaration are based upon my personal knowledge.

2.      My responsibilities as Property Operations Manager include, among

other matters, property management oversight of various residential properties

owned by KS including residential properties owned by KS located in Punaluu,

Hauula, Hawaii.  Among the properties that I oversee is that certain property

identified by Tax Map Key No. (1) 5-3-001-029, and also identified by the street

address of 53-065 Kamehameha Highway, Hauula, Hawaii 96717 (the "**_Property_**").

3.     On Friday, March 1, 2013, at approximately 5:00 p.m., I was contacted by Sifa Tiueti, who KS hired to provide yard maintenance work at the Property. Mr. Tiueti informed me that the lock and chain securing the driveway gate at the entrance of the Property (the "**_Entrance Gate_**") had been cut and replaced by an old rusty chain and lock. Mr. Tiueti further reported to me that pieces of drywall were in the yard near the Entrance Gate. These pieces of drywall were previously left inside the house located on the Property, thus indicating to me that someone had entered the house, removed the pieces of drywall from the house, and placed them near the Entrance Gate. At my request Mr. Tiueti cut the old rusty chain with lock that had been placed on the Entrance Gate and replaced it with another chain and lock (the "**_First Replacement Lock_**").

4.     On Sunday, March 3, 2013 at approximately 9:00 a.m. I received another call from Mr. Tiueti. During this call, Mr. Tiueti informed me that on Saturday, March 2, 2013, at about 6:30 p.m., he saw that the First Replacement Lock was cut and a new lock and chain were put on the Entrance Gate. In response to the call that I received from Mr. Tiueti, I requested that Mr. Tiueti cut the most recently installed lock and replace it with another lock (the "**_Second_**

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 16 of 90

*Replacement Lock*").  Mr. Tiueti did this and installed the Second Replacement Lock on Sunday, March 3, 2013.

     5.     On Tuesday, March 5, 2013 at approximately 8:00 a.m., I received another call from Mr. Tiueti.  During the call, Mr. Tiueti, who lives two houses away from the Property, informed me that on Monday, March 4, 2013, his dog was barking very late at night (approximately 11:00 p.m.).  Mr. Tiueti stated that he suspected the barking was caused by activity going on at the Property but, because of the late hour, he did not immediately check the Property when he heard the barking.  Mr. Tiueti further informed me that he returned to check the Property during the morning on Tuesday, March 5, 2013.  During this check he saw that the Second Replacement Lock was cut and replaced by another lock.  Mr. Tiueti further informed me that it appeared to him that certain wooden boards that were placed on the residential structure by KS to secure the structure were taken down. I asked Mr. Tiueti to cut the lock and not leave the Property and I informed him that I would be coming out to the Property that day.

     6.     On Tuesday, March 5, 2013, I went to the Property.  I was accompanied by Todd Gray, who is a Senior Land Operations Manager for KS. The purpose of our visit was to (i) change the lock on the Entrance Gate and install a thicker chain, (ii) file a police report with respect to the apparent trespasses on the Property, and (iii) assess the structure on the Property.

3

7.     I arrived at the Property on March 5, 2013, at approximately 11:00 a.m., and called 911 to place a non-emergency call to HPD to file a police report for trespassing.  When I arrived at the Property, I observed the house and, based on my observation, it did not appear that any windows were broken.  Thus, it appeared that the pieces of wood placed over the windows were removed and the pieces of drywall that were previously inside the house were removed from the house by someone who was able to enter the house by opening one of the locked doors with a key.  This caught my attention because there are three doors through which the house can be entered.  All three doors have locks.  It is my understanding that the Servicing Officer who filed the return on the Writ of Possession entered in this action (the "***Writ of Possession***") changed the locks on one of the three doors in the course of executing the Writ of Possession.  It is my further understanding that the Sheriff did not change the locks to the other two doors, and that KS has not changed the locks on those two doors since possession of the Property was returned to KS.

8.     At approximately 11:30 a.m. on March 5, 2013, Jeffrey Vegas ("***Mr. Vegas***") and Kerena Esera-Vegas ("***Mrs. Vegas***") (collectively the "***Vegases***") arrived at the Property while Mr. Gray and I were still there.  I am familiar with the Vegases so I recognized them when they arrived.

4

9.    When she arrived at the Property, Mrs. Vegas said hi to me and asked what I was doing at the Property.  I responded by asking Mrs. Vegas the same question.  Approximately ten minutes after the Vegases arrived at the Property, a police officer arrived.

10.    There was a lengthy discussion between and among the Vegases, Todd Gray, and myself in the presence of the police officer who arrived at the Property.  Some, but not all, of the items discussed in the presence of the police officer are described in the balance of this declaration.

11.    During our discussion, Mrs. Vegas stated that the federal court ruled that the Property was given back to the Vegases.  I stated to Mrs. Vegas that, to the best of my knowledge, that was not the case and that, as far as I was aware, KS still had the legal right to possession of the Property.

12.    Mrs. Vegas stated that I should be aware about it because KS' attorney was at court when the ruling was made.  According to Mrs. Vegas "he [the KS attorney] objected and the court denied."  I asked the Vegases to describe the KS attorney.  They said he was a light skinned attorney.  I clarified if they meant fair skinned.  They said yes, and that he was not too tall.  Mr. Vegas stated that he had a Chinese last name.  This prompted me to ask if the attorney's name was Dennis Chong Kee.  Mr. Vegas said yes.

U.S. Bankruptcy Court - Hawaii   #12-02080   Dkt # 67   Filed  03/12/13   Page 19 of 90

13.     Mrs. Vegas stated to the police officer that she wanted to press charges against KS for trespassing on the Property and stealing items that were left in the house on the Property.

14.     I stated to the police officer that when the sheriff executed the writ of possession covering the Property, the Vegases were given sufficient time to remove the items from the Property that they wanted.  The Vegases were informed that everything they left on the Property would be considered junk and may be disposed of.  Attached to this Declaration as Exhibit "1" is a true and correct copy of materials provided to the attorneys for KS by the Serving Officer, which materials contain a document signed by the Vegases relating to belongings left on the Property after August 9, 2012.

15.     The Vegases informed the police officer that they cut the locks placed by KS on the Entrance Gate.  They said that they cut the locks to enter the Property to clean it up because it was given back to them.

16.     In the presence of the police officer, Mrs. Vegas also complained that KS removed a notice that she placed on the residence on the Property.  I recall that a notice was placed on the residential structure on the property sometime in or about October 2012.  A copy of the notice found and removed by KS is attached hereto  as Exhibit "2."  This occurred before KS installed the Entrance Gate to secure the Property in or about November 2012.  It is my understanding that the

6

March 5, 2013 discussion in the presence of the police officer is the first time that Mrs. Vegas acknowledged to anyone at KS that she placed the notice on the residential structure on the Property.

17.    Despite remaining on the Property and discussing this matter with the Vegases and the police officer until about 2:30 p.m. on March 5, 2013, nothing was resolved and the Vegases continued to insist that they owned the building on the Property and had a right to be on the Property by virtue of a federal court ruling.

18.    I declare under penalty of perjury under the laws of the State of Hawaii and the United States that the foregoing is true and correct. Executed this 12th day of March 2013, at Honolulu, Hawaii.

<u>Diane M. Kawahakui</u>
DIANE M. KAWAHAKUI

7

8/8/12

Cheryl A. Nakamura, Esq.

Attached is the original
signed by the Vega's
for your files

Tony Stevens

**EXHIBIT "1"**

*ORIGINAL*

DATED:   AUGUST 6, 2012

TO WHOM IT MAY CONCERN:

THIS IS TO CERTIFY THAT ANY AND ALL PERSONEL  BELONGINGS OF

JEFFERY VEGAS AND KERENAKUPU ESERA-VEGAS LEFT ON THE PREMISES

AT: 53-065 KAMEHAMEHA HIGHWAY, HAUULA HAWAII  96717

AFTER AUGUST 9, 2012 IS CONSIDERED JUNK AND MAY BE DISPOSED OF.

AS AUTHORIZED BY:

_Jeffrey Vegas_  8-7-12
JEFFREY VEGAS        DATED:

_Kerena Vegas_  8/7/12
KERENAKUPU ESERA-VEGAS DATED:

# NOTICE OF

# BANKRUPTCY STAY

I, Kerena Vegas own this Home at: 53-065 Kamehameha Highway, Hauula, Hawaii 96744 and am protected by a U.S. Bankruptcy Court Stay. No one should enter or trespass my property, remove, destroy, demolish or make any changes to my property. Any person(s) who violate this stay will be in violation of the Bankruptcy Code and will be penalized.

Bankruptcy Case No. 12-02080

Date Case Filed: October 22, 2012

**EXHIBIT "2"**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>KERENAKUPU ESERA-VEGAS aka<br>KERENA VEGAS,<br><br>                Debtor. | Case No. 12-02080<br>(Chapter 13) |

<u>DECLARATION OF SUSAN TIUS; EXHIBITS "3" – "8"</u>

I, SUSAN TIUS, do hereby declare under penalty of law that the following
is true and correct:

1.     I am one of the attorneys for TRUSTEES UNDER THE WILL AND
OF THE ESTATE OF BERNICE PAUAHI BISHOP, DECEASED, also known as
KAMEHAMEHA SCHOOLS ("KS"), have personal knowledge of facts stated in
this Declaration and if called as a witness in this action, I could and would testify
to all matters set forth herein of my own knowledge.

2.     In the case entitled <u>Trustees Under the Will and of the Estate of
Bernice Pauahi Bishop, also known as Kamehameha Schools v. Jeffrey Vegas, et
al.</u>, Civ. No. 09-1-1074-05, in the Circuit Court of the First Circuit, State of Hawaii
("State Court Action"), KS was awarded summary judgment on June 20, 2012
against KERENAKUPU ESERA-VEGAS ("Debtor"), the Debtor herein, and
JEFFREY VEGAS ("Codebtor"), Debtor's spouse who is not in bankruptcy. The

Circuit Court entered (1) Findings of Fact; Conclusions of Law; Order Granting Plaintiffs' Motion for Summary Judgment as Against All Defendants filed on November 8, 2010, (2) Judgment, and (30) Writ of Possession (collectively, "June 20, 2012 Orders").

3.      There was no appeal of the June 20, 2012 Orders by the Debtor or Codebtor.

4.      The June 20, 2012 Orders are final.

5.      On February 28, 2013, this Court entered an Order Confirming Chapter 13 Plan in Debtor's case.  On February 21, 2013, at the confirmation hearing, the Trustee and Debtor's counsel in arguments to the Court, represented that, regardless of the matters in KS' Objection, the only significant point was that the Plan was fully paid and any recovery in the State Court litigation would be paid to the Trustee for administration through the Plan.

6.      On March 5, 2013, KS' counsel contacted Debtor's counsel regarding Debtor's unlawful actions at the Property.

7.      Debtor's counsel informs KS' counsel that he had not told the Debtor that she had any rights in the Property, but only that: (1) there is an automatic stay; and (2) state law controls.

8.      Attached hereto as Exhibit "3" is a true and correct copy of Findings of Fact; Conclusions of Law; Order Granting Plaintiffs' Motion for Summary

U.S. Bankruptcy Court - Hawaii   #12-02080   Dkt # 67   Filed  03/12/13   Page 26 of 90

Judgment Against All Defendants Filed on November 8, 2011; Exhibit "A", filed June 20, 2012, in the State Court Action.

9.     Attached hereto as Exhibit "4" is a true and correct copy of the Judgment filed on June 20, 2012 in the State Court Action.

10.     Attached hereto as Exhibit "5" is a true and correct copy of the Writ of Possession; Return of Writ of Possession reflecting that possession of the Property was surrendered to KS executed on August 13, 2012 in the State Court Action.

11.     Attached hereto as Exhibit "6" is a true and correct copy of the Order Confirming Chapter 13 Plan entered herein on February 28, 2013.

12.     Attached hereto as Exhibit "7" is a true and correct copy of KS' Objection to Chapter 13 Plan or Plan Motion filed herein on January 25, 2013.

13.     Attached hereto as Exhibit "8" is a true and correct copy of the Docket for the State Court Action.

I declare under penalty of perjury under the laws of the State of Hawaii and the United States that the foregoing is true and correct. Executed this 12th day of March 2013, at Honolulu, Hawaii.


*/s/Susan Tius*                          
SUSAN TIUS]

3

# NOTICE OF

# BANKRUPTCY STAY

I, Kerena Vegas own this Home at: 53-065 Kamehameha Highway, Hauula, Hawaii 96744 and am protected by a U.S. Bankruptcy Court Stay. No one should enter or trespass my property, remove, destroy, demolish or make any changes to my property. Any person(s) who violate this stay will be in violation of the Bankruptcy Code and will be penalized.

Bankruptcy Case No. 12-02080

Date Case Filed: October 22, 2012

**EXHIBIT "2"**

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2012 JUN 20 PM 3: 29

_____
H. CHING
CLERK

RUSH MOORE LLP
A Limited Liability Law Partnership

SUSAN TIUS          2873-0
CHERYL A. NAKAMURA  3007-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Tel. No. 521-0400
Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE PAUAHI BISHOP, DECEASED, also known as KAMEHAMEHA SCHOOLS,<br><br>                Plaintiffs,<br><br>       vs.<br><br>JEFFREY VEGAS; KERENAKUPU ESERA-VEGAS; NICK WOOLFENDEN as Special Administrator of the Estate of BRIAN K. WOOLFENDEN, also known as Brian Kenneth Woolfenden; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., solely as a nominee for Fremont Investment & Loan; U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf of The Holders of The Home Equity Asset Trust 2005-2 Home Equity Pass-Through Certificates, Series 2005-2; GENERAL ELECTRIC CAPITAL CORPORATION; FIRST RESOLUTION INVESTMENT CORPORATION; JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 2-10, DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS 1-10,<br><br>                Defendants. | Civil No. 09-1-1074-05 (KKS)<br>(Contract)<br><br>FINDINGS OF FACT; CONCLUSIONS OF LAW; ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFENDANTS FILED ON NOVEMBER 8, 2011; EXHIBIT "A" AND CERTIFICATE OF SERVICE<br><br>Hearing:<br>Judge: Hon. Karl K. Sakamoto<br>Date:  January 11, 2012<br>Time:  9:00 a.m.<br><br>(No Trial Date Set) |

S:\Wpdata\CNakamura\37838\pldgs\FOF.wpd

I do hereby certify that this is a full, true and
correct copy of the original on file in this office.
_____
Clerk, Circuit Court, First Circuit

**EXHIBIT "3"**

FINDINGS OF FACT; CONCLUSIONS OF LAW; ORDER
GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AGAINST ALL DEFENDANTS FILED ON NOVEMBER 8, 2011

Plaintiffs filed a Motion for Summary Judgment Against
All Defendants on November 8, 2011, and pursuant to Stipulation
and Order Continuing Hearing on Plaintiffs' Morton for Summary
Judgment Against All Defendants filed herein on December 7, 2011,
said motion was heard before the Honorable Karl K. Sakamoto, in
his courtroom, on January 11, 2012.  Cheryl A. Nakamura, Esq.
appeared on behalf of Plaintiffs.  Philip W. Miyoshi, Esq.
appeared for Defendants JEFFREY VEGAS and KERENAKUPU ESERA-VEGAS
(collectively "Defendants Lessee"), and filed a Memorandum in
Opposition to the Motion on January 5, 2012.  No other party
appeared or filed opposition to the motion.  The Court having
reviewed the motion, declarations, memoranda and exhibits, finds
as follows:

## FINDINGS OF FACT

1.  Plaintiffs TRUSTEES UNDER THE WILL AND OF THE
ESTATE OF BERNICE PAUAHI BISHOP, DECEASED, also known as
KAMEHAMEHA SCHOOLS, a Hawaii charitable educational trust, have
their principal place of business in the City and County of
Honolulu, State of Hawaii, and have filed this action in their
capacities as such trustees.

2.  Defendants Lessee are residents of the City and
County of Honolulu, State of Hawaii.

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 30 of 90

3.    Plaintiffs are the lessors under Lease No. 10,936, dated November 1, 1956, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 3370, Page 226.  Said lease was amended by instrument dated November 1, 1971, recorded as aforesaid in Liber 8613, Page 424.  Said lease, as amended, is hereinafter "the Lease".

4.    The Lease and the Property demised by the Lease (hereinafter "the Property") are more particularly described in Exhibit "A" attached hereto and made a part hereof, identified by Tax Map Key No. (1) 5-3-001-029, and identified by an address of 53-065 Kamehameha Highway, Hauula, Hawaii 96717, in the area known as "Punaluu Beach Lots."

5.    By Assignment of Lease dated April 27, 2007, recorded as aforesaid on May 30, 2007, as Document No. 2007-095685, the lessee's interest in the Lease, by mesne assignments, was assigned to Defendants Lessee.

6.    Pursuant to the terms of the Lease, the rent for the period from November 1, 2001, has been set.

7.    By Order filed herein on June 29, 2009, GENERAL ELECTRIC CAPITAL CORPORATION, successor by merger to GE Capital Hawaii, Inc., was named as Doe Corporation 1, a Defendant herein. By Notice filed on July 2, 2009, Defendant GE Capital Hawaii, Inc. was dismissed without prejudice from this case.

8.    Defaults were entered by the Clerk of the Court

against the named Defendants as follows:

| Defendant | Default Entry filed |
|---|---|
| JEFFREY VEGAS | 11/18/09 |
| KERENAKUPU ESERA-VEGAS | 11/18/09 |
| NICK WOOLFENDEN as Special Administrator of the Estate of BRIAN K. WOOLFENDEN, also known as Brian Kenneth Woolfenden | 11/18/09 |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., solely as a nominee for Fremont Investment & Loan | 8/7/09 |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf of The Holders of The Home Equity Asset Trust 2005-2 Home Equity Pass-Through Certificates, Series 2005-2 | 10/22/09 |
| GENERAL ELECTRIC CAPITAL CORPORATION, formerly GE CAPITAL OF HAWAII, INC., identified as a Doe Defendant by Order filed on June 29, 2009 | 8/7/09 |
| FIRST RESOLUTION INVESTMENT CORPORATION | 8/7/09 |

9. Defendants Lessee are now in default under the terms of the Lease in that they have breached the covenant to pay the sums due under said Lease at the time the same became due and payable.

10. There is now due and owing from Defendants Lessee, jointly and severally, to Plaintiffs under the Lease sums for rent, late charges, interest, advances, costs, expenses, attorneys' fees and other amounts due and to become due under said Lease, and Plaintiffs are entitled to payment of such.

11. By reason of said default, Plaintiffs are entitled

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed 03/12/13  Page 32 of 90

to cancel the Lease.

       12.   There is due and owing from Defendants Lessee, jointly and severally, to Plaintiffs under the Lease the following sums:

| | |
|---|---:|
| Lease rent and related charges through 2/28/2011: | $ 123,883.46 |
| Additional amounts 2/28/11-7/1/11: | 2,638.31 |
| Tenant's ledger to 11/4/11: | <u>17,229.88</u> |
| | $ 143,751.65 |
| Real property taxes to 11/30/11: | <u>9,109.10</u> |
| Subtotal: | 152,860.75 |
| Additional Attorneys' fees: | $8,411.14 |
| Additional Attorneys' costs: | <u>$1,844.35</u> |
| Total: | $163,116.24 |

Rent charges continue to accrue in connection with the Lease at the rate of $2,250.00 per month after the date set forth above, due on the first day of the month with the next monthly payment due on December 1, 2011. After November 4, 2011, late fee interest accrues at the rate of 10% per annum assessed pro rata on the second day of each month, until judgment is entered herein, or until possession of the Property is returned to Plaintiffs, whichever is later.

       13.   Plaintiffs have reserved the right to seek supplemental orders and/or judgments in connection with the condition of the Property as may be ascertained after return of possession of the Property to Plaintiffs.

       14.   Plaintiffs, pursuant to Haw. Rev. Stat. § 634-51, as amended, filed their Notice of Pendency of Action herein on

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed 03/12/13  Page 33 of 90

May 7, 2009, and recorded the same as aforesaid as Document No. 2009-072535 on May 12, 2009.

15. This Court has jurisdiction of the parties and the subject matter of this action, and venue is proper in this Circuit.

16. There is no just reason for delay in entering a final judgment as to Plaintiffs' complaint.

CONCLUSIONS OF LAW

Pursuant to the findings of fact, the Court concludes:

A. Defendants Lessee are now in default under the terms of the Lease in that Defendants Lessee have breached the covenants under the Lease, including by reason of the breach of the covenant to pay sums due under the Lease at the time the same became due and payable.

B. There is due and owing from Defendants Lessee, jointly and severally, to Plaintiffs under the Lease the following sums:

| | |
|---|---:|
| Lease rent and related charges through 2/28/2011: | $ 123,883.46 |
| Additional amounts 2/28/11-7/1/11: | 2,638.31 |
| Tenant's ledger to 11/4/11: | 17,229.88 |
| | $ 143,751.65 |
| Real property taxes to 11/30/11: | 9,109.10 |
| Subtotal: | 152,860.75 |
| | |
| Additional Attorneys' fees: | $8,411.14 |
| Additional Attorneys' costs: | $1,844.35 |
| | |
| Total: | $163,116.24 |

Rent charges continue to accrue in connection with the Lease at

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 34 of 90

the rate of $2,250.00 per month after the date set forth above, due on the first day of the month with the next monthly payment due on December 1, 2011. After November 4, 2011, late fee interest accrues at the rate of 10% per annum assessed pro rata on the second day of each month, until judgment is entered herein, or until possession of the Property is returned to Plaintiffs, whichever is later.

C. Plaintiffs have reserved the right to seek supplemental orders and/or judgments in connection with the condition of the Property as may be ascertained after return of possession of the Property to Plaintiffs.

D. By reason of said default and the provisions of the Lease, Plaintiffs are entitled to cancel and terminate the Lease, and entitled to possession of the Property.

E. Defendants NICK WOOLFENDEN as Special Administrator of the Estate of BRIAN K. WOOLFENDEN, also known as Brian Kenneth Woolfenden; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., solely as a nominee for Fremont Investment & Loan; U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf of The Holders of The Home Equity Asset Trust 2005-2 Home Equity Pass-Through Certificates, Series 2005-2; GENERAL ELECTRIC CAPITAL CORPORATION, as successor by merger to GE CAPITAL HAWAII, INC.; and FIRST RESOLUTION INVESTMENT CORPORATION (collective "Other Defendants"), were named as Defendants herein who may have

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 35 of 90

or may claim an interest in the property described in the Lease. Defaults have been entered against all of the Other Defendants. Interest held by the Other Defendants, if any, are junior and subordinate to Plaintiffs' interest in the property described in the Lease.

F.   By reason of said cancellation of the Lease, the interest of Defendants Lessee and all liens encumbering the Lease are terminated and extinguished, including all interests held by Defendants Lessee and by the Other Defendants.

G.   Plaintiffs are entitled to judgment as a matter of law on their complaint.

H.   This Court has jurisdiction of the parties and the subject matter of this action, and venue is proper in this Circuit.

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFENDANTS FILED ON NOVEMBER 8, 2011

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.   Plaintiffs' motion for summary judgment is hereby granted.  Summary judgment is hereby entered in favor of Plaintiffs and against Defendants Lessee, jointly and severally, and against all Other Defendants herein.  Pursuant to Rule 54(b), Hawaii Rules of Civil Procedure, this Court expressly directs that said summary judgment be and is hereby entered as a final judgment as to Plaintiffs' complaint as it addresses all claims as to all parties in connection with the cancellation of the

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 36 of 90

Lease, and as there is no just reason for delay.

2. The Lease is hereby terminated and cancelled, and Defendants Lessee, all Defendants herein, and all persons or entities claiming by or through said Defendants, shall have no further right, title or interest in the Lease or in or to the Property and every part of the Property covered by the Lease, and all liens encumbering the Lease are hereby terminated and extinguished.

3. Pursuant to Section 634-51, Hawaii Revised Statutes, as amended, any and all other or further encumbrancers or purchasers in respect of the Property described in the Lease, or any part thereof, whose interest arises from and after May 12, 2009, until the date of judgment, are hereby forever barred of and from any and all right, title and interest in and to said Property and every part thereof.

4. Judgment is entered in favor of Plaintiffs and against Defendants Lessee, jointly and severally, in the sum of $163,116.24, plus rent at the rate of $2,250.00 per month, due on the first day of the month with the next monthly payment due on December 1, 2011, plus late fee interest after November 4, 2011, at the rate of 10% per annum, until judgment is entered herein, or until possession of the Property is returned to Plaintiffs, whichever is later.

5. Plaintiffs have reserved the right to seek

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 37 of 90

supplemental orders and/or judgments in connection with the condition of the Property as may be ascertained after return of possession of the Property to Plaintiffs.

6.    A judgment for possession and a writ of possession in favor of Plaintiffs shall issue forthwith, commanding an authorized official to remove Defendants Lessee, any tenants or occupants, and any persons holding by, through or under said Defendants or any tenants or occupants, from the Property.

7.    Plaintiffs may dispose of the personal property which remains in the Property, as the same has no demonstrated significant value.  In the alternative, at the option of Plaintiffs, Plaintiffs may remove the personal property from the Property and store the same for thirty (30) days; if no party or other interested person files a legitimate claim for such personal property within said thirty (30) day period, then Plaintiffs may sell the same in a commercially reasonable manner, and Plaintiffs shall submit to the Court an accounting of the costs and expenses for such storage and sale; and Plaintiffs, after payment of such costs and expenses, shall pay over to the Clerk of the First Circuit Court of the State of Hawaii the remaining balance of the proceeds of such sale.

8.    Said judgment shall be entered as a final judgment as there is no just reason for delay in entering a final judgment as to Plaintiffs' complaint.

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 38 of 90

DATED: Honolulu, Hawaii, ___ JUN 1 0 2012 ?



KARL K. SAKAMOTO

_____
Judge of the above-entitled Court

APPROVED AS TO FORM:


_____
Philip Miyoshi, Esq.
Attorney for Defendants JEFFREY VEGAS and
        KERENAKUPU ESERA-VEGAS


-----------------------------------------------------------------
Trustees Under the Will and of the Estate of Bernice Pauahi Bishop, also known
as Kamehameha Schools v. Jeffrey Vegas, et al; First Circuit, Civil No. 09-1-
1074-05 (KKS); Findings of Fact; Conclusions of Law; Order Granting
Plaintiffs' Motion for Summary Judgment Against All Defendants Filed on
November 8, 2011

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 39 of 90

LEASE NO. 10,936

Lessor:   Trustees under the Will and of the Estate of Bernice
          Pauahi Bishop, Deceased
Lessee:   Sybil M. Dominis
Dated:    November 1, 1956
Recorded: Liber 3370   Page 226

ABOVE LEASE AMENDED BY INSTRUMENT
Dated:    November 1, 1971
Recorded: Liber 8613   Page 424


The Lessee's Interest by Mesne Assignments Assigned:
ASSIGNMENT OF LEASE
Assignor: First Hawaiian Bank, a Hawaii Corporation, Trustee
          under Trust Agreement Made by Sybil M. Dominis, Dated
          November 6, 1968, as Amended, and John Dominis Schuh,
          Husband of Susan Northfield Schuh, and Sybil Liliuokalani
          Marvik, unmarried
Assignee: Brian K. Woolfenden, husband of Glynne Woolfenden, as
          Tenant in Severalty
Dated:    June 4, 2003
Recorded: Document No. 2003-140375

ASSIGNMENT OF LEASE (by mesne assignment)
Assignor: U.S. Bank National Association, as Trustee, on behalf
          of The Holders of The Home Equity Asset Trust 2005-2 Home
          Equity Pass-Through Certificates, Series 2005-2
Assignee: Jeffrey Vegas and Kerenakupu Esera-vegas, husband and
          wife, as Tenants by the Entirety
Dated:    April 27, 2007
Recorded: Document No. 2007-095685

SAID LEASE DEMISING:
All of that certain parcel of land situate at Punaluu, District
of Koolauloa, City and County of Honolulu, State of Hawaii, being
LOT 29 of the "PUNALUU BEACH LOTS", as shown on File Plan Number
202, filed in the Bureau of Conveyances of the State of Hawaii,
and containing an area of 0.54 acre, more or less.

Subject, however, to:

1.   Real Property Taxes, if any, that may be due and owing.
Tax Key: (1) 5-3-001-029   Area Assessed: 23,689 sq. ft.

1

2.   Reservation in favor of the State of Hawaii of all mineral and metallic mines.

3.   Location of the seaward boundary in accordance with the laws of the State of Hawaii and shoreline setback line in accordance with County regulation and/or ordinance.

4.   Setback (25 Feet Wide)
Purpose:  Building
Along:    Kamehameha Highway
Shown:    on map attached to instrument dated November 1, 1956, recorded in Liber 3370 at Page 226

END OF EXHIBIT "A"

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing will be served upon filing with the Court on the following parties at their respective addresses by U.S. Mail:

PHILIP W. MIYOSHI, ESQ.
RANDALL K. HIRONAKA, ESQ.
345 Queen Street Suite 702
Honolulu, Hawaii 96813
Attorneys for Defendants JEFFREY VEGAS and
    KERENAKUPU ESERA-VEGAS

NICK WOOLFENDEN as Special Administrator
 of the Estate of BRIAN K. WOOLFENDEN,
 also known as Brian Kenneth Woolfenden
158 Commonwealth Street
Surry Hills, NSW 2010, Australia
Defendant

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
  solely as a nominee for Fremont Investment & Loan
P.O. Box 2026
Flint, Michigan 48501-2026
Defendant

U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf
of The Holders of The Home Equity Asset Trust 2005-2
Home Equity Pass-Through Certificates, Series 2005-2
888 E 4500 S
Murray, Utah 84107-3050
Defendant

GENERAL ELECTRIC CAPITAL CORPORATION
c/o The Corporation Company, Inc.
900 Fort Street Mall, S-1800
Honolulu, Hawaii 96813
Defendant

S:\Wpdata\CNakamura\37838\pldgs\FOF.wpd

FIRST RESOLUTION INVESTMENT CORPORATION
c/o The Corporation Company, Inc.
900 Fort Street Mall, S-1800
Honolulu, Hawaii 96813
Defendant

DATED:  Honolulu, Hawaii, ___Feb 29 2012___.


                          _____
                          CHERYL A. NAKAMURA
                          Attorney for Plaintiffs


NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT
A DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE, AND THAT THE DEBT MAY BE DISPUTED.

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 43 of 90

RUSH MOORE LLP
A Limited Liability Law Partnership

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2012 JUN 20 PM 3:32

H. CHING
CLERK

SUSAN TIUS          2873-0
CHERYL A. NAKAMURA   3007-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Tel. No. 521-0400
Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE PAUAHI BISHOP, DECEASED, also known as KAMEHAMEHA SCHOOLS, <br><br> Plaintiffs, <br><br> vs. <br><br> JEFFREY VEGAS; KERENAKUPU ESERA-VEGAS; NICK WOOLFENDEN as Special Administrator of the Estate of BRIAN K. WOOLFENDEN, also known as Brian Kenneth Woolfenden; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., solely as a nominee for Fremont Investment & Loan; U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf of The Holders of The Home Equity Asset Trust 2005-2 Home Equity Pass-Through Certificates, Series 2005-2; GENERAL ELECTRIC CAPITAL CORPORATION; FIRST RESOLUTION INVESTMENT CORPORATION; JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 2-10, DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS 1-10, <br> Defendants. | Civil No. 09-1-1074-05 (KKS) (Contract) <br><br> JUDGMENT AND CERTIFICATE OF SERVICE <br><br><br><br> Hearing: <br> Judge: Hon. Karl K. Sakamoto <br> Date: January 11, 2012 <br> Time: 9:00 a.m. <br><br> (No Trial Date Set) |

S:\Wpdata\CNakamura\37838\pldgs\POF.wpd

1

I do hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

**EXHIBIT "4"**

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 44 of 90

## JUDGMENT

In accordance with Haw. R. Civ. P. 58, and pursuant to the Order Granting Plaintiffs' Motion for Summary Judgment Against All Defendants, Judgment is hereby entered in favor of Plaintiffs and against Defendants JEFFREY VEGAS and KERENAKUPU ESERA-VEGAS and all Defendants herein, terminating and cancelling Lease No. 10,936, dated November 1, 1956, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 3370, Page 226, as amended by instrument dated November 1, 1971, recorded as aforesaid in Liber 8613, Page 424 (the "Lease"), and extinguishing all liens encumbering the Lease. Any and all other or further encumbrancers or purchasers in respect of the property described in the Lease, or any part thereof, whose interest arises from and after July 8, 2009, are hereby forever barred of and from any and all right, title and interest in and to said leasehold property and every part thereof.

Judgment is also hereby entered in favor of Plaintiffs and against Defendants JEFFREY VEGAS and KERENAKUPU ESERA-VEGAS, jointly and severally, in the sum of $163,116.24, plus rent at the rate of $2,250.00 per month, due on the first day of the month with the next monthly payment due on December 1, 2011, plus late fee interest after November 4, 2011, at the rate of 10% per annum, until judgment is entered herein, or until possession of the Property is returned to Plaintiffs, whichever is later.

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 45 of 90

This judgment is entered as a final judgment as it addresses all claims as to all parties in connection with the cancellation of the Lease, and as there is no just reason for delay pursuant to Haw. R. Civ. P. 54(b).

DATED:  Honolulu, Hawaii,  JUN 1 9 2012 _____.

KARL K. SAKAMOTO

Judge of the Above Entitled Court

APPROVED AS TO FORM:

_____
Philip Miyoshi, Esq.
Attorney for Defendants JEFFREY VEGAS and
    KERENAKUPU ESERA-VEGAS

_____
Trustees Under the Will and of the Estate of Bernice Pauahi Bishop, also known as Kamehameha Schools v. Jeffrey Vegas, et al; First Circuit, Civil No. 09-1-1074-05 (KKS); Judgment

S:\Wpdata\CNakamura\37838\pldgs\FOF.wpd                3

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 46 of 90

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing will be served upon filing with the Court on the following parties at their respective addresses by U.S. Mail:

PHILIP W. MIYOSHI, ESQ.
RANDALL K. HIRONAKA, ESQ.
345 Queen Street Suite 702
Honolulu, Hawaii 96813
Attorney for Defendants JEFFREY VEGAS and
    KERENAKUPU ESERA-VEGAS

NICK WOOLFENDEN as Special Administrator
 of the Estate of BRIAN K. WOOLFENDEN,
 also known as Brian Kenneth Woolfenden
158 Commonwealth Street
Surry Hills, NSW 2010, Australia
Defendant

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
  solely as a nominee for Fremont Investment & Loan
P.O. Box 2026
Flint, Michigan 48501-2026
Defendant

U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf
of The Holders of The Home Equity Asset Trust 2005-2
Home Equity Pass-Through Certificates, Series 2005-2
888 E 4500 S
Murray, Utah 84107-3050
Defendant

GENERAL ELECTRIC CAPITAL CORPORATION
c/o The Corporation Company, Inc.
900 Fort Street Mall, S-1800
Honolulu, Hawaii 96813
Defendant

FIRST RESOLUTION INVESTMENT CORPORATION
c/o The Corporation Company, Inc.
900 Fort Street Mall, S-1800
Honolulu, Hawaii 96813
Defendant

DATED: Honolulu, Hawaii, _____Feb 24, 2012_____.


_____
CHERYL A. NAKAMURA
Attorney for Plaintiffs


NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT
A DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE, AND THAT THE DEBT MAY BE DISPUTED.

U.S. Bankruptcy Court - Hawaii   #12-02080   Dkt # 67   Filed  03/12/13   Page 48 of 90

FIRST CIRCUIT COURT
STATE OF HAWAII
**ISSUED**

2012 JUN 20 PM 3: 32

H. CHIN
CLERK

RUSH MOORE LLP
A Limited Liability Law Partnership

SUSAN TIUS        2873-0
CHERYL A. NAKAMURA   3007-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Tel. No. 521-0400
Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE PAUAHI BISHOP, DECEASED, also known as KAMEHAMEHA SCHOOLS, <br><br> Plaintiffs, <br><br> vs. <br><br> JEFFREY VEGAS; KERENAKUPU ESERA-VEGAS; NICK WOOLFENDEN as Special Administrator of the Estate of BRIAN K. WOOLFENDEN, also known as Brian Kenneth Woolfenden; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., solely as a nominee for Fremont Investment & Loan; U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf of The Holders of The Home Equity Asset Trust 2005-2 Home Equity Pass-Through Certificates, Series 2005-2; GENERAL ELECTRIC CAPITAL CORPORATION; FIRST RESOLUTION INVESTMENT CORPORATION; JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 2-10, DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS 1-10, <br> Defendants. | Civil No. 09-1-1074-05 (KKS) <br> (Contract) <br><br> WRIT OF POSSESSION; RETURN ON WRIT OF POSSESSION <br><br> <u>Hearing</u> <br> Judge: Hon. Karl K. Sakamoto <br> Date:  January 11, 2012 <br> Time:  9:00 a.m. |

S:\Wpdata\CNakamura\37838\pldgs\FOF.wpd

**EXHIBIT "5"**

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 49 of 90

## WRIT OF POSSESSION

THE STATE OF HAWAII

TO THE DIRECTOR OF PUBLIC SAFETY OF THE STATE OF HAWAII, HIS/HER DEPUTY, OR TO ANY POLICE OFFICER OF THE CITY AND COUNTY OF HONOLULU OR OTHER PERSON AUTHORIZED BY THE LAWS OF THE STATE OF HAWAII:

WHEREAS, by Order filed herein, Plaintiffs are entitled to a Writ of Possession against JEFFREY VEGAS and KERENAKUPU ESERA-VEGAS, any tenants or occupants, and any persons holding by, through or under said Defendants or any tenants or occupants, for the possession of the premises identified by identified by Tax Map Key No. (1) 5-3-001-029, and identified by an address of 53-065 Kamehameha Highway, Hauula, Hawaii 96717.

NOW THEREFORE, YOU ARE HEREBY COMMANDED TO REMOVE FORTHWITH SAID JEFFREY VEGAS and KERENAKUPU ESERA-VEGAS, and/or any tenants or occupants, and any persons holding by, through or under said Defendants or any tenants or occupants, from the premises above-mentioned, including their personal belongings and proper-ties, and put Plaintiffs in full possession thereof; and make due return of the Writ with what you have done endorsed thereon.

DATED: Honolulu, Hawaii, _____ JUN 19 2012 _____ .

_____
Judge of the above entitled Court

--------------------------------------------------------------------

Trustees Under the Will and of the Estate of Bernice Pauahi Bishop, also known as Kamehameha Schools v. Jeffrey Vegas, et al; First Circuit, Civil No. 09-1-1074-05 (KKS); Writ of Possession; Return on Writ of Possession; Certificate of Service

s:\Wpdata\CNakamura\37838\pldgs\POP.wpd                -2-

APPROVED AS TO FORM:

_____
Philip Miyoshi, Esq.
Attorney for Defendants JEFFREY VEGAS and
      KERENAKUPU ESERA-VEGAS

---

Trustees Under the Will and of the Estate of Bernice Pauahi Bishop, also known as Kamehameha Schools v. Jeffrey Vegas, et al; First Circuit, Civil No. 09-1-1074-05 (KKS); Writ of Possession; Return on Writ of Possession; Certificate of Service

S:\Wpdata\CNakamura\37838\pldgs\POP.wpd                -3-

## RETURN ON WRIT OF POSSESSION

I hereby certify that I received a copy of the Writ of
Possession and that I executed the same on <u>AUGUST 13, 2012</u>,
<span align="right">DATE</span>

20<u>12</u>, at <u>2:22pm</u> . m. at <u>53-065 KAMEHAMEHA HIGHWAY, HAUULA HI.</u> 96717
<span>TIME</span> <span>ADDRESS</span>
WRIT AND JUDGEMENT OF POSSESSION WAS PERSONALLY SERVED UPON THE DEFENDANTS
JEFFREY AND KERENAKUPU ESERA-VEGAS ON JULY 10, 2012, @ 5:58pm ON KING
STREET, DEMONSTRATING IN FRONT OF THE KAMEHAMEHA SCHOOLS. OFFICE.
THE VEGAS'S HAVE LEFT THE PREMISES ON AUGUST 13, 2012 THEREFORE SURRENDERED
DATED: Honolulu, Hawaii, _____.
SAID PREMISES TO PLAINTIFF: TRUSTEES UNDER THE WILL AND OF THE ESTATE
OF BERNICE PAUAHI BISHOP, DECEASED. Also known as. KAMEHAMEHA SCHOOLS.
AND ATTORNEY CHERYL A. NAKAMURA, ESQ.

TYPE NAME: SERVICING OFFICER A. SHANNON
City and County of Honolulu, 8/23/2012
State of Hawaii

NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT
A DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE, AND THAT THE DEBT MAY BE DISPUTED.

S:\Hpdata\CNakamura\37838\pldgs\POP.wpd

-4-



UNITED STATES BANKRUPTCY COURT
DISTRICT OF HAWAII
1132 Bishop Street, Suite 250
Honolulu, Hawaii 96813

ord_3015-3pln (12/09)

| Debtor: **Kerenakupu Esera-Vegas** | Case No.: **12-02080** |
|---|---|
| Joint Debtor:<br>(if any) | Chapter: 13 |
| **ORDER CONFIRMING CHAPTER 13 PLAN** | Plan - Docket No.: **54** |

The court finding that the requirements of 11 U.S.C. § 1325 have been satisfied,

IT IS HEREBY ORDERED:

    The Plan, attached as Exhibit A, is [CONFIRMED as filed] or [CONFIRMED, amended as follows].

    IT IS FURTHER ORDERED that the court allows and awards compensation and reimbursement for expenses to the attorney for the debtor(s) as follows:

| Attorney: Stuart T. Ing, Esq. | |
|---|---|
| Total award: $3,800.00 | Amount to be paid through plan: $3,650.00 |
| ☐   If checked, amount includes $300 in accordance with Part 1.a. of Appendix to Chapter 13 Attorney Fee Guidelines. | |

*/s/ Lloyd King*
**United States Bankruptcy Judge**
Dated: February 28, 2013

EXHIBIT "6"

# UNITED STATES BANKRUPTCY COURT – DISTRICT OF HAWAII

| *Debtor:* **Esera-Vegas, Kerenakupu I** | *Social Security No.:* XXX-XX-**2764** | |
|---|---|---|
| *Joint Debtor:* *(if any)* | *Social Security No.:* XXX-XX- | |
| *Address:* **Po Box 4521 Kaneohe, HI 96744** | | Chapter 13 *Case No.:* **12-2080** |
| **CHAPTER 13 PLAN** | Dated: **January 9, 2012** | ☒ Amended Plan |

## NOTICE

This plan may significantly affect the rights of creditors. If you wish to oppose confirmation of the plan or any related motion to value collateral or to avoid a lien ("plan motion"), you must file a timely written objection. Creditors will receive separate notice of the deadline for objections and the date of the confirmation hearing. If you do not file a timely objection, you will have accepted the treatment proposed in the plan. If no one files a timely objection, the court may cancel the confirmation hearing, confirm this plan, and grant any plan motions.

## SECTION 1 – PLAN SUMMARY

| | | | **1.06** Estimated payment of unsecured claims (%) | |
|---|---|---|---|---|
| **1.01** Monthly payment | $ | **varies**[1] | | |
| **1.02** Duration (months) | | **60** | *Under plan* | *Chapter 7 liquidation* |
| **1.03** Total monthly payments (1.01 x 1.02) | $ | **16,357.62** | **100.00 %** | **100.00 %** |
| **1.04** Additional funding described in section 8 (if any) | $ | | **1.07** ☐ If checked, there are plan motions to value collateral or to avoid lien(s) | |
| **1.05** Total plan funding before tax refunds (1.03 + 1.04) | $ | **16,357.62** | | |

[1] **2 payments of $203.81 followed by 58 payments of $275.00**

## SECTION 2 – PAYMENTS TO TRUSTEE

**2.01 Commencement of Payments.** Debtor shall make the first monthly payment stated in section 1 to Trustee not later than 30 days after the filing of (a) the petition or (b) the order converting the case from another chapter.

**2.02 Completion of Payments.** Unless section 8 provides otherwise, payments under the plan will be complete upon payment of the amount stated in section 1.05 plus contribution of any tax refunds as provided in section 2.03.

**2.03 Tax Refunds.** In addition to the plan payments set forth in sections 1.03 and 1.04, Debtor shall turn over to Trustee all tax refunds attributable to prepetition periods and all tax refunds attributable to postpetition periods ending before the full amount stated in section 1.05 has been paid, except to the extent that a refund is (a) exempt, (b) received on account of a child tax credit or earned income credit, (c) subject by law to setoff, recoupment, or similar disposition, or (d) otherwise provided for in section 8.

**2.04 Funds Other than Disposable Income.** Any additional funding listed in section 1.04 must be described in section 8, including the source, amount, and date when such funds or assets will be available.

**2.05 Payment of Debtor's Attorney Fees.** Trustee shall pay Debtor's attorney fees and costs out of the plan funding.

| | *Total Fees* | *Paid Preparation* | *To be paid via plan* |
|---|---|---|---|
| Unless stated otherwise in section 8, Debtor's attorney elects the award and allowance of fees through plan confirmation, to be determined under the Chapter 13 Attorney Fee Guidelines. (Amount of fees may be adjusted at time of confirmation in accordance with the Guidelines.) | $ 3,800.00 | $ 150.00 | **$ 3,650.00** + $300 if plan confirmed without continuing hearing |

**2.06 Pre-Confirmation Adequate Protection Payments and Payments to Lessors.**

☐ If checked, Trustee shall make adequate protection or lease payments under 11 U.S.C. § 1326(a)(1) (B) or (C) to the parties listed below. Trustee shall make the payments below as soon as practicable after the creditor or lessor files a proof of claim. After confirmation, Trustee shall make distributions as provided elsewhere in this plan. The adequate protection payment amount shall be as indicated below. If no payment amount is indicated below, the adequate protection payment shall be two percent of the estimated value of the collateral, unless section 8 provides otherwise.

| Creditor / Lessor | Property Description (& est. value if adequate protection) | Mo. Pmt |
|---|---|---|
| None | | |

☒ If checked, Debtor shall make adequate protection / lease payments directly to the payee and provide evidence of payment to Trustee.

## SECTION 3 – CLAIMS

**3.01 Proofs of Claim.** All creditors, including secured creditors, must file a proof of claim in order to receive payments from Trustee, even if this plan mentions their claim. Unless the court orders otherwise, Trustee shall make distributions only on timely filed proofs of claim. Trustee may rely on the face of the proof of claim despite any other information contained in any attachments thereto.

**3.02 Determination of Claims.** The proof of claim (and any court order disposing of a plan motion or any objection to the claim), not this plan or the schedules, shall determine the amount, classification, and priority of each claim. The information about claims in this plan (other than the classification of claims in Class 6) is provided for informational purposes only and is not binding on any party.

**3.03 Secured Claims – Limited Stay Relief.** Notwithstanding 11 U.S.C. § 362, any secured creditor may transmit to the debtor payment coupon books and other statements, and may continue any electronic funds transfer ("EFT") payment arrangements that Debtor validly authorized prepetition. The secured creditor shall file with the court all post-petition notices and communications that inform the debtor of a change in the amount, timing, or application of the debtor's payments, including notices of interest rate and escrow account changes, and shall ensure that such filing complies with applicable privacy laws and regulations.

## SECTION 4 – CLASSIFICATION OF CLAIMS

**4.01 Class 1 consists of secured claims where (a) Debtor was in default on the petition date and (b) the claimant's rights are not modified by the plan, except for the curing of the default.** A holder of a Class 1 claim will retain its lien until the underlying debt is paid in full under nonbankruptcy law. This plan does not modify the holder's rights other than by curing the default by paying the prepetition arrearage, i.e. the regular installments of principal, accrued and unpaid interest and other charges, such as attorney fees and collection costs, that became due before the petition date.

**4.01-1 Cure Payments by Trustee.** Unless the claim holder agrees to different treatment, Trustee shall make distributions to cure the prepetition arrearage on each Class 1 claim by making monthly payments that include the interest on the prepetition arrearage at the standard interest rate described in section 7.03, unless a different rate is stated in the table below. Each Class 1 claimant shall apply such payments only to the prepetition arrearage. The amount of any prepetition arrearage is the amount stated in the claimant's proof of claim, unless the court orders otherwise. Trustee shall make no payment on a Class 1 claim to a claimant whose proof of claim states that the arrearage is $0.00, none, or the like, or if the arrearage amount is left blank. Treatment of a prepetition arrearage under an unexpired lease or executory contract is provided for in section 4.08. Trustee's payment of the full amount of the arrearage stated on the claimant's proof of claim will bar the claimant from asserting that the prepetition default has not been cured.

**4.01-2 Maintenance Payments by Debtor.** Except for any Class 1 claimants identified by a checked box in the table below, Debtor shall pay directly to the Class 1 claimants (or their agents) each payment first becoming due without acceleration after the petition date ("postpetition installments") as and when due under the applicable agreement and applicable law.

**4.01-3 Maintenance Payments by Trustee.** From the plan funding, Trustee shall pay all postpetition installments due to Class 1 claimants identified by a checked box in the table below, as and when due under the applicable agreement and applicable law, and Trustee shall promptly remit the same to the Class 1 claimant. Section 7.06 applies to all such Class 1 claims.

**4.01-4 Application and Calculation of Postpetition Installments.** Class 1 claimants shall apply payments under paragraph 4.01-2 and 4.01-3 only to the postpetition installments. The amount of the postpetition installments shall be determined as if the claim was not in default on the petition date.

| | Class 1 Creditor / Collateral | Maturity Date | Est. arrearage | Interest rate | Est. mo. Pmt. |
|---|---|---|---|---|---|
| No ne | Principal Residence: | | | | |
| No | Other Property: | | | | |

| ne | | | | |
|---|---|---|---|---|
| *If box checked above, Trustee makes payments under section 4.01-3.* | | | | |

**4.02 Class 2 consists of secured claims where the rights of the holder of a secured claim are modified by the plan under 11 U.S.C. § 1322(b)(2) or (c)(2).** A holder of a Class 2 claim will retain its lien until the earlier of (a) full payment of the underlying debt under nonbankruptcy law or, (b) if the court enters an order determining the value of collateral securing a claim, full payment of the secured portion of the claim amount and entry of the Debtor's discharge under 11 U.S.C. § 1328. Unless the claim holder agrees to different treatment, Trustee shall make distributions to pay a Class 2 claim in a monthly amount that includes interest on the claim at the standard interest rate described in section 7.03, unless a different rate is stated in the table below. If Debtor believes that the value of a creditor's collateral is less than the amount of the claim, Debtor must file a **Motion to Value Collateral** in connection with this plan. If the total amount of the claim exceeds the value of the collateral as determined by the court, the deficiency will be treated as a Class 7 general unsecured claim (or a Class 5 claim if the claim is entitled to priority).

| Class 2 Creditor / Collateral | | § 506(a) applies? | Maturity date | Est. claim amt. | Interest rate | Est. mo. Pmt. |
|---|---|---|---|---|---|---|
| IRS | All Debtor's property | | | 6300 | 4 | |

**4.03 Class 3 consists of secured claims that are satisfied by surrender of collateral.** Trustee shall make no distributions on a Class 3 claim if the debtor files a declaration, with proof of service on the creditor, within 14 days after the entry of an order confirming this plan, that the real or personal property described below has been surrendered or offered for surrender to the creditor. A secured creditor listed in Class 3 wishing to refuse Debtor's surrender of collateral in full or partial satisfaction of its claim must file a written objection to this plan. If the total amount of the claim exceeds the value of collateral, as indicated in the creditor's timely filed proof of claim or a court order, the deficiency will be treated as a Class 7 general unsecured claim (or a Class 5 claim if the claim is entitled to priority). If the creditor does not complete the space for the value of the collateral on the face of the proof of claim, the creditor will have no deficiency claim. Entry of the order confirming this plan will terminate the automatic stay under 11 U.S.C. § 362(a) and the codebtor stay under 11 U.S.C. § 1301(a) as to the Debtor, codebtor(s), and the bankruptcy estate, to permit the creditor whose collateral is being surrendered to receive, repossess, or foreclose upon that collateral and to exercise its rights and remedies as to its collateral under applicable nonbankruptcy law.

| Class 3 Creditor / Collateral to be surrendered | Claim amount | Est. deficiency |
|---|---|---|
| None | | |

**4.04 Class 4 consists of secured claims where (a) Debtor was not in default on the petition date and (b) the rights of the holder are not modified by this plan.** A holder of a Class 4 claim will retain its lien until the underlying debt is paid in full under nonbankruptcy law. Debtor shall make all regularly scheduled contractual payments coming due postpetition. In the event that a creditor files a timely proof of claim stating that there was an arrearage on the petition date for a claim identified below, the claim shall be treated as a Class 1 claim unless the court determines that there was no arrearage. If the proof of claim states that the arrearage amount is $0.00, none, or the like, or if the arrearage amount is left blank, such claim shall be treated as a Class 4 claim and Trustee shall make no distribution on the claim.

| Class4 Creditor / Collateral | | Contractual payment | Maturity date |
|---|---|---|---|
| HawaiiUSA FCU | 2007 Nissan Sentra | 300 | |

**4.05 Class 5 consists of unsecured claims entitled to priority under 11 U.S.C. § 507, such as domestic support obligations and certain types of taxes.** Class 5 claims shall be paid in full unless 11 U.S.C. § 1322(a)(4) applies or the claim holder agrees to accept less than full payment. If the Debtor proposes less than full payment of a priority claim, section 8 must identify the claim holder and describe the proposed treatment. Debtor shall pay directly to the creditor any domestic support obligations that become due on and after the date of filing the petition.

| Class 5 Creditor | Type of priority | Est. claim amount |
|---|---|---|
| None | | |

**4.06 Class 6 consists of special unsecured claims.** The claims listed below, such as co-signed unsecured debts, shall be paid in full, with interest if so indicated, for the reason(s) stated even though other unsecured claims may not be paid in full.

| Class 6 Creditor | Reason for special treatment | Interest | Est. claim amount |
|---|---|---|---|
| None | | | |

**4.07 Class 7 consists of claims that are not secured and that are not entitled to priority or special treatment.** Class 7 claims shall be paid pro rata to the extent funds are available after payment of all other claims. Debtor must file a separate **Motion to Avoid Lien** if classification of a claim as a general unsecured claim is based on avoidance of a judicial lien or nonpossessory, non-purchase money security interest under 11 U.S.C. § 522(f).

**4.08 Executory Contracts and Unexpired Leases.** Upon confirmation, Debtor assumes the executory contracts and unexpired leases listed below. Any prepetition arrearage under a contract or lease identified below in an amount stated in a timely filed proof of claim shall be treated as a claim in Class 1, Class 6, or as provided in section 8. Any other executory contract or unexpired lease is rejected. Entry of the confirmation order modifies the automatic stay to allow the nondebtor party to a rejected unexpired lease to obtain possession of the leased property.

| Creditor under contract or lease | Est. prepetition arrearage | Treatment Class 1 or 6 or other |
|---|---|---|
| Ksbe | | |

## SECTION 5 – DISTRIBUTIONS

**5.01 Order of Distributions.** As soon as practicable after plan confirmation, Trustee will distribute funds monthly in the following order: (a) the percentage fee to Trustee under 28 U.S.C. § 586(e); (b) any maintenance payments due on Class 1 claims under section 4.01-3; (c) administrative expenses, including Debtor's attorney fees allowed under applicable rules and guidelines; (d) cure payments for prepetition arrearages on Class 1 claims, Class 2 claims of secured creditors under 11 U.S.C. § 1325(a)(5), claims under executory contracts and unexpired leases if designated as Class 1 claims, and compensation for a chapter 7 trustee under 11 U.S.C. § 1326(b)(3); (e) Class 5 priority unsecured claims; (f) Class 6 special unsecured claims, including claims under executory contracts and unexpired leases designated as Class 6 claims; and (g) Class 7 general unsecured claims. Within each level of distribution, claims shall be paid on a pro rata basis.

## SECTION 6 – LIQUIDATION ANALYSIS

**6.01 Liquidation.** The value, as of the date the petition was filed, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate were liquidated on such date under chapter 7 of the Bankruptcy Code. Debtor estimates, in good faith, that liquidation would be as follows.

| | | | |
|---|---|---|---|
| 1. Real property – Schedule A | $ 175,000.00 | 5. Exemptions – Schedule C | $ 6,350.00 |
| 2. Personal property – Schedule B | $ 6,350.00 | 6. Secured claims (less unsecured portions, if any) – Schedule D | $ 6,300.00 |
| 3. Property recoverable by avoiding powers | $ 0.00 | 7. Priority claims – Schedule E | $ 0.00 |
| 4. Total assets – Add boxes 1, 2, and 3 | $ 181,350.00 | 8. Estimated chapter 7 administrative expenses | $ 11,685.00 |
| * intentionally left blank * | | 9. Total adjustments – Add boxes 5, 6, 7, and 8 | $ 24,335.00 |
| 10. Amount available to pay general unsecured claims in liquidation – Subtract box 9 from box 4 | | | $ 157,015.00 |
| 11. Total amount of general unsecured debt from Schedule F + unsecured portions from Schedule D, if any | | | $ 3,976.00 |
| 12. Estimated distribution on general unsecured claims **in liquidation** – Divide box 10 by box 11 | | | 100.00 % |
| 13. Estimated distribution on general unsecured claims **through this plan** | | | 100.00 % |

## SECTION 7 – MISCELLANEOUS PROVISIONS

**7.01 Joint Debtor.** Any reference to the Debtor in this plan includes the Joint Debtor, if any.

**7.02 Debtor's Duties.** Debtor acknowledges that Debtor must: (a) make timely plan payments and carry out this plan; (b) comply with Debtor's obligations under the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and any applicable local orders and guidelines; (c) file all postpetition federal, state, and local tax returns, and pay all postpetition taxes as they come due, including, if applicable, any requisite estimated income taxes and/or federal tax deposits for payroll taxes; (d) submit to Trustee a copy of each tax return or amendment thereof required for each tax year ending while the case is pending under chapter 13, immediately after filing such returns with the taxing authority; (e) file, if requested, updated schedules I and J or other statement made under penalty of perjury showing monthly income of Debtor, and how income, expenditures, and monthly income are calculated, on each anniversary of plan confirmation; (f) provide any financial information requested by Trustee, including that regarding a business; (g) maintain insurance as required by any law, contract, or security agreement on all vehicles and real or personal property subject to a security interest in the amount of the outstanding claim of the creditor or value of the collateral, whichever is less, unless the court orders otherwise; (h) if Debtor operates a business, maintain liability and other insurance as requested by Trustee; (i) pay timely to the court-ordered recipient all domestic support obligations that come due after commencement of the case; (j) obtain court approval before encumbering, selling, or otherwise disposing of any personal or real property other than in the ordinary course of Debtor's business; and (k) obtain written

approval from Trustee or court approval before incurring any new debt exceeding $1,000. Debtor understands that failure to comply with any of these obligations may justify dismissal of this case, conversion to another chapter, or other relief.

**7.03 Interest Rate.** The standard interest rate on certain claims is calculated periodically as the national prime rate of interest plus 1.5% and is posted at the court's website. The interest rate with respect to a tax claim or an administrative expense tax is governed by 11 U.S.C. § 511.

**7.04 Vesting and Possession of Property.** Except to the extent necessary to fund this plan, property of the estate shall revest in Debtor upon entry of the confirmation order. If the case is converted to a case under another chapter, or is dismissed, the property of the estate shall vest in accordance with applicable law.

**7.05 Cure Payments for Prepetition Arrearages.** For all purposes, including but not limited to 12 U.S.C. § 2601 et seq., and Reg. X ("Regulation X"), 24 C.F.R. § 3500.17(i)(2), all claims shall be deemed reinstated and current upon the entry of an order confirming this plan. No creditor shall be excused from any obligation imposed by law or contract to provide notices of payment changes, interest rate changes, escrow account statements, other account statements, or similar information to the Debtor. All creditors shall promptly file copies of such notices and statements with the court.

**7.06 Postpetition Obligations Paid Directly by Debtor.** If this plan provides that Debtor will directly pay any postpetition obligation to a creditor, any postpetition fees, expenses, or charges, including those alleged to be due under Bankruptcy Rule 302.1(a),(c),or€, are the personal responsibility of Debtor and, unless the court orders otherwise, these postpetition fees, expenses, or charges shall not be paid by Trustee or through the plan.

**7.07 Effect of Relief from Stay.** As soon as practicable after Trustee receives notice of an order unconditionally permitting a secured creditor to foreclose on or repossess its collateral, Trustee shall cease making distributions on all claims secured by such collateral except for funds then being held by Trustee for distribution, unless the court orders otherwise. This does not affect the number or amount of periodic payments due from Debtor under the plan.

**7.08 Lack of Feasibility Based on Claims Actually Filed.** Trustee may file a motion to dismiss if Trustee determines that, based on the timely filed proofs of claim, the plan funding will be insufficient to pay in full, within 60 months from confirmation, administrative expenses, the prepetition arrearages on Class 1 claims, and the full amount of Class 2, Class 5, and Class 6 claims, and the amount of Class 7 claims required to satisfy 11 U.S.C. § 1325(a)(4). The court may dismiss the case without further notice if Debtor fails to file, within 30 days after the date of notice of such motion, an objection to claim or a motion to modify the confirmed plan which will cure the problem.

**7.09 Conversion or Dismissal.** Debtor agrees that, if this case is converted to another chapter, Debtor shall promptly file a new schedule C – Property Claimed as Exempt. Trustee shall distribute any plan payments held by Trustee at the time of conversion or dismissal of the case to holders of allowed claims in accordance with the order of distribution under this plan.

**7.10 Student Loan Debt.** A debt of the kind specified in 11 U.S.C. § 523(a)(8) will not be discharged upon completion of the plan unless the debtor has obtained a determination by the court that paying the debt in full would impose an undue hardship on the debtor and the debtor's dependent.

**7.11 Certification.** Debtor declares, under penalty of perjury, that this plan has been proposed in good faith, that the information provided in this plan is true and correct to the best of Debtor's knowledge, information, and belief, and that Debtor will be able to make all plan payments and otherwise comply with all plan provisions.

## SECTION 8 – ADDITIONAL PROVISIONS

Debtor may not alter the language of this form (other than by completing blanks and tables). Debtor may propose additional or different plan provisions only by setting the same out in this section. This section must also include information concerning additional creditors or claims, irregular plan payments, additional sources of plan funding, special treatment of prepetition arrearages under an executory contract or unexpired lease, and any other special provisions. (Attach additional pages as necessary.)

**Debtor is currently in litigation regarding the Haula lease. Debtor will either achieve a settlement which will cure any arrears on the Hauula lease or surrender the property. Trustee shall make no payments ont eh Hauula lease.**

| /s/ Stuart T. Ing | /s/ Kerena Esera-Vegas | |
|---|---|---|
| Attorney for Debtor(s) | Debtor | Joint Debtor (if any) |
| Dated: **January 9, 2012** | Dated: January 9, 2012 | Dated: |

*Filer's Name, Address, Phone, Fax, Email:*

RUSH MOORE LLP A Limited Liability Law Partnership

SUSAN TIUS 2873-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii 96813-3862
Tel. No. 521-0406; Fax No. 521-0497; E-mail: Stius@rmhawaii.com

Attorney for The Trustees of the Estate of Bernice Pauahi Bishop aka
Kamehameha Schools



**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF HAWAII**
1132 Bishop Street, Suite 250
Honolulu, Hawaii 96813

hib_3015-3obj (12/09)

| | | |
|---|---|---|
| *Debtor:* | KERENAKUPU ESERA-VEGAS aka KERENA ESERA-VEGAS | *Chapter 13* **13** <br> *Case No.:* **12-02080** |
| *Joint Debtor:* <br> *(if any)* | | *Related Docket No.* <br> *of Plan/Motion:* **54** |

### OBJECTION TO CHAPTER 13 PLAN OR PLAN MOTION

The undersigned objects to plan confirmation or a related plan motion because:

Debtor's Petition, Schedules, Statement of Financial Affairs and Plan, as amended, state legally and factually wrong information regarding the real property commonly known as 53-065 Kamehameha Highway, Hauula, HI 96717, identified by TMK No. (1) 5-3-001-029 (the "Property"). Attached are copies of Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment Against All Defendants Filed on November 8, 2011; Exhibit "A" and Judgment filed on June 20, 2012 and a Writ of Possession; Return of Writ of Possession executed on August 13, 2012 in favor of Kamehameha Schools ("KS") in a lawsuit pending in the Circuit Court of the First Circuit of the State of Hawaii. There was no timely appeal of the termination of the lease of the Property and the entry of a money judgment against Debtor. Possession was returned to KS on August 13, 2012. Debtor filed her Chapter 13 case on October 22, 2012.

The Circuit Court made a final determination that Debtor's former lease of the Property is terminated, and that Debtor is liable to KS in the sum of $163,116.24, plus amounts as set forth in said Order and Judgment.

Debtor's bankruptcy filings, among other things, incorrectly state that Debtor has an interest in the Property which has a value of $175,000, list monthly rent or home mortgage payments of $2,250 (the former base rent obligation), and state that there is contingent unliquidated claim for "Wrongful termination of lease claim and flooding claim" against KS of "unknown" value. Debtor has no interest in the Property and Debtor has no pending claim for "wrongful termination of the lease." Debtor has a pending claim for damages in connection with alleged flooding of the Property.

Debtor's Plan does not meet the confirmation requirements established by Sections 1322 and 1325. Among other deficiencies, the aforementioned inaccuracies evidence Debtor's bad faith in filing of the petition and that the plan has not been proposed in good faith and not by any means forbidden by law.

Based on the foregoing, the Plan should not be confirmed.

Dated: <u>January 25, 2013</u>               /s/ Susan Tius

|  |  |
|---|---|
| Signature | (Print name also if original signature) |

*[Attach additional memoranda, declarations, etc., as necessary.]*

RUSH MOORE LLP
A Limited Liability Law Partnership

SUSAN TIUS          2873-0
CHERYL A. NAKAMURA  3007-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Tel. No. 521-0400
Attorneys for Plaintiffs

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2012 JUN 20 PM 3:29

H. CHING
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE PAUAHI BISHOP, DECEASED, also known as KAMEHAMEHA SCHOOLS, | ) ) ) ) ) | Civil No. 09-1-1074-05 (KKS) (Contract) |
| Plaintiffs, | ) ) ) ) | FINDINGS OF FACT; CONCLUSIONS OF LAW; ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY |
| vs. | ) ) | JUDGMENT AGAINST ALL DEFENDANTS FILED ON NOVEMBER 8, 2011; |
| JEFFREY VEGAS; KERENAKUPU ESERA-VEGAS; NICK WOOLFENDEN as Special Administrator of the Estate of BRIAN K. WOOLFENDEN, also known as Brian Kenneth Woolfenden; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., solely as a nominee for Fremont Investment & Loan; U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf of The Holders of The Home Equity Asset Trust 2005-2 Home Equity Pass-Through Certificates, Series 2005-2; GENERAL ELECTRIC CAPITAL CORPORATION; FIRST RESOLUTION INVESTMENT CORPORATION; JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 2-10, DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | EXHIBIT "A" AND CERTIFICATE OF SERVICE Hearing: Judge: Hon. Karl K. Sakamoto Date: January 11, 2012 Time: 9:00 a.m. (No Trial Date Set) |
| Defendants. | ) ) | |

S:\Wpdata\CNakamura\37838\pldge\FOF.wpd

I do hereby certify that this is a full, true and
correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

FINDINGS OF FACT; CONCLUSIONS OF LAW; ORDER
GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AGAINST ALL DEFENDANTS FILED ON NOVEMBER 8, 2011

Plaintiffs filed a Motion for Summary Judgment Against
All Defendants on November 8, 2011, and pursuant to Stipulation
and Order Continuing Hearing on Plaintiffs' Morton for Summary
Judgment Against All Defendants filed herein on December 7, 2011,
said motion was heard before the Honorable Karl K. Sakamoto, in
his courtroom, on January 11, 2012. Cheryl A. Nakamura, Esq.
appeared on behalf of Plaintiffs. Philip W. Miyoshi, Esq.
appeared for Defendants JEFFREY VEGAS and KERENAKUPU ESERA-VEGAS
(collectively "Defendants Lessee"), and filed a Memorandum in
Opposition to the Motion on January 5, 2012. No other party
appeared or filed opposition to the motion. The Court having
reviewed the motion, declarations, memoranda and exhibits, finds
as follows:

FINDINGS OF FACT

1. Plaintiffs TRUSTEES UNDER THE WILL AND OF THE
ESTATE OF BERNICE PAUAHI BISHOP, DECEASED, also known as
KAMEHAMEHA SCHOOLS, a Hawaii charitable educational trust, have
their principal place of business in the City and County of
Honolulu, State of Hawaii, and have filed this action in their
capacities as such trustees.

2. Defendants Lessee are residents of the City and
County of Honolulu, State of Hawaii.

S:\Wpdata\CNakamura\37838\pldgs\FOF.wpd

2

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 58  Filed  01/25/13  Page 3 of 25
U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 61 of 90

3.    Plaintiffs are the lessors under Lease No. 10,936, dated November 1, 1956, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 3370, Page 226.  Said lease was amended by instrument dated November 1, 1971, recorded as aforesaid in Liber 8613, Page 424.  Said lease, as amended, is hereinafter "the Lease".

4.    The Lease and the Property demised by the Lease (hereinafter "the Property") are more particularly described in Exhibit "A" attached hereto and made a part hereof, identified by Tax Map Key No. (1) 5-3-001-029, and identified by an address of 53-065 Kamehameha Highway, Hauula, Hawaii 96717, in the area known as "Punaluu Beach Lots."

5.    By Assignment of Lease dated April 27, 2007, recorded as aforesaid on May 30, 2007, as Document No. 2007-095685, the lessee's interest in the Lease, by mesne assignments, was assigned to Defendants Lessee.

6.    Pursuant to the terms of the Lease, the rent for the period from November 1, 2001, has been set.

7.    By Order filed herein on June 29, 2009, GENERAL ELECTRIC CAPITAL CORPORATION, successor by merger to GE Capital Hawaii, Inc., was named as Doe Corporation 1, a Defendant herein. By Notice filed on July 2, 2009, Defendant GE Capital Hawaii, Inc. was dismissed without prejudice from this case.

8.    Defaults were entered by the Clerk of the Court

against the named Defendants as follows:

| Defendant | Default Entry filed |
|---|---|
| JEFFREY VEGAS | 11/18/09 |
| KERENAKUPU ESERA-VEGAS | 11/18/09 |
| NICK WOOLFENDEN as Special Administrator of the Estate of BRIAN K. WOOLFENDEN, also known as Brian Kenneth Woolfenden | 11/18/09 |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., solely as a nominee for Fremont Investment & Loan | 8/7/09 |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf of The Holders of The Home Equity Asset Trust 2005-2 Home Equity Pass-Through Certificates, Series 2005-2 | 10/22/09 |
| GENERAL ELECTRIC CAPITAL CORPORATION, formerly GE CAPITAL OF HAWAII, INC., identified as a Doe Defendant by Order filed on June 29, 2009 | 8/7/09 |
| FIRST RESOLUTION INVESTMENT CORPORATION | 8/7/09 |

9.    Defendants Lessee are now in default under the terms of the Lease in that they have breached the covenant to pay the sums due under said Lease at the time the same became due and payable.

10.    There is now due and owing from Defendants Lessee, jointly and severally, to Plaintiffs under the Lease sums for rent, late charges, interest, advances, costs, expenses, attorneys' fees and other amounts due and to become due under said Lease, and Plaintiffs are entitled to payment of such.

11.    By reason of said default, Plaintiffs are entitled

to cancel the Lease.

      12.   There is due and owing from Defendants Lessee, jointly and severally, to Plaintiffs under the Lease the following sums:

| | |
|---|---|
| Lease rent and related charges through 2/28/2011: | $ 123,883.46 |
| Additional amounts 2/28/11-7/1/11: | 2,638.31 |
| Tenant's ledger to 11/4/11: | 17,229.88 |
| | $ 143,751.65 |
| Real property taxes to 11/30/11: | 9,109.10 |
| Subtotal: | 152,860.75 |
| Additional Attorneys' fees: | $8,411.14 |
| Additional Attorneys' costs: | $1,844.35 |
| Total: | $163,116.24 |

Rent charges continue to accrue in connection with the Lease at the rate of $2,250.00 per month after the date set forth above, due on the first day of the month with the next monthly payment due on December 1, 2011. After November 4, 2011, late fee interest accrues at the rate of 10% per annum assessed pro rata on the second day of each month, until judgment is entered herein, or until possession of the Property is returned to Plaintiffs, whichever is later.

      13.   Plaintiffs have reserved the right to seek supplemental orders and/or judgments in connection with the condition of the Property as may be ascertained after return of possession of the Property to Plaintiffs.

      14.   Plaintiffs, pursuant to Haw. Rev. Stat. § 634-51, as amended, filed their Notice of Pendency of Action herein on

S:\Wpdata\CNakamura\37838\pldgs\FOF.wpd

5

U.S. Bankruptcy Court - Hawaii  #12-02080   Dkt # 58   Filed 01/25/13   Page 6 of 25
U.S. Bankruptcy Court - Hawaii  #12-02080   Dkt # 67   Filed  03/12/13   Page 64 of 90

May 7, 2009, and recorded the same as aforesaid as Document No. 2009-072535 on May 12, 2009.

15.     This Court has jurisdiction of the parties and the subject matter of this action, and venue is proper in this Circuit.

16.     There is no just reason for delay in entering a final judgment as to Plaintiffs' complaint.

<u>CONCLUSIONS OF LAW</u>

Pursuant to the findings of fact, the Court concludes:

A.     Defendants Lessee are now in default under the terms of the Lease in that Defendants Lessee have breached the covenants under the Lease, including by reason of the breach of the covenant to pay sums due under the Lease at the time the same became due and payable.

B.     There is due and owing from Defendants Lessee, jointly and severally, to Plaintiffs under the Lease the following sums:

| | |
|---|---|
| Lease rent and related charges through 2/28/2011: | $ 123,883.46 |
| Additional amounts 2/28/11-7/1/11: | 2,638.31 |
| Tenant's ledger to 11/4/11: | <u>17,229.88</u> |
| | $ 143,751.65 |
| Real property taxes to 11/30/11: | <u>9,109.10</u> |
| Subtotal: | 152,860.75 |
| Additional Attorneys' fees: | $8,411.14 |
| Additional Attorneys' costs: | <u>$1,844.35</u> |
| Total: | $163,116.24 |

Rent charges continue to accrue in connection with the Lease at

the rate of $2,250.00 per month after the date set forth above, due on the first day of the month with the next monthly payment due on December 1, 2011. After November 4, 2011, late fee interest accrues at the rate of 10% per annum assessed pro rata on the second day of each month, until judgment is entered herein, or until possession of the Property is returned to Plaintiffs, whichever is later.

C. Plaintiffs have reserved the right to seek supplemental orders and/or judgments in connection with the condition of the Property as may be ascertained after return of possession of the Property to Plaintiffs.

D. By reason of said default and the provisions of the Lease, Plaintiffs are entitled to cancel and terminate the Lease, and entitled to possession of the Property.

E. Defendants NICK WOOLFENDEN as Special Administrator of the Estate of BRIAN K. WOOLFENDEN, also known as Brian Kenneth Woolfenden; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., solely as a nominee for Fremont Investment & Loan; U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf of The Holders of The Home Equity Asset Trust 2005-2 Home Equity Pass-Through Certificates, Series 2005-2; GENERAL ELECTRIC CAPITAL CORPORATION, as successor by merger to GE CAPITAL HAWAII, INC.; and FIRST RESOLUTION INVESTMENT CORPORATION (collective "Other Defendants"), were named as Defendants herein who may have

or may claim an interest in the property described in the Lease. Defaults have been entered against all of the Other Defendants. Interest held by the Other Defendants, if any, are junior and subordinate to Plaintiffs' interest in the property described in the Lease.

F. By reason of said cancellation of the Lease, the interest of Defendants Lessee and all liens encumbering the Lease are terminated and extinguished, including all interests held by Defendants Lessee and by the Other Defendants.

G. Plaintiffs are entitled to judgment as a matter of law on their complaint.

H. This Court has jurisdiction of the parties and the subject matter of this action, and venue is proper in this Circuit.

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AGAINST ALL DEFENDANTS FILED ON NOVEMBER 8, 2011

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Plaintiffs' motion for summary judgment is hereby granted. Summary judgment is hereby entered in favor of Plaintiffs and against Defendants Lessee, jointly and severally, and against all Other Defendants herein. Pursuant to Rule 54(b), Hawaii Rules of Civil Procedure, this Court expressly directs that said summary judgment be and is hereby entered as a final judgment as to Plaintiffs' complaint as it addresses all claims as to all parties in connection with the cancellation of the

S:\Wpdata\CNakamura\37838\pldgs\FOF.wpd                    8

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 58  Filed 01/25/13  Page 9 of 25
U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 67 of 90

Lease, and as there is no just reason for delay.

2.   The Lease is hereby terminated and cancelled, and Defendants Lessee, all Defendants herein, and all persons or entities claiming by or through said Defendants, shall have no further right, title or interest in the Lease or in or to the Property and every part of the Property covered by the Lease, and all liens encumbering the Lease are hereby terminated and extinguished.

3.   Pursuant to Section 634-51, Hawaii Revised Statutes, as amended, any and all other or further encumbrancers or purchasers in respect of the Property described in the Lease, or any part thereof, whose interest arises from and after May 12, 2009, until the date of judgment, are hereby forever barred of and from any and all right, title and interest in and to said Property and every part thereof.

4.   Judgment is entered in favor of Plaintiffs and against Defendants Lessee, jointly and severally, in the sum of $163,116.24, plus rent at the rate of $2,250.00 per month, due on the first day of the month with the next monthly payment due on December 1, 2011, plus late fee interest after November 4, 2011, at the rate of 10% per annum, until judgment is entered herein, or until possession of the Property is returned to Plaintiffs, whichever is later.

5.   Plaintiffs have reserved the right to seek

supplemental orders and/or judgments in connection with the condition of the Property as may be ascertained after return of possession of the Property to Plaintiffs.

6. A judgment for possession and a writ of possession in favor of Plaintiffs shall issue forthwith, commanding an authorized official to remove Defendants Lessee, any tenants or occupants, and any persons holding by, through or under said Defendants or any tenants or occupants, from the Property.

7. Plaintiffs may dispose of the personal property which remains in the Property, as the same has no demonstrated significant value. In the alternative, at the option of Plaintiffs, Plaintiffs may remove the personal property from the Property and store the same for thirty (30) days; if no party or other interested person files a legitimate claim for such personal property within said thirty (30) day period, then Plaintiffs may sell the same in a commercially reasonable manner, and Plaintiffs shall submit to the Court an accounting of the costs and expenses for such storage and sale; and Plaintiffs, after payment of such costs and expenses, shall pay over to the Clerk of the First Circuit Court of the State of Hawaii the remaining balance of the proceeds of such sale.

8. Said judgment shall be entered as a final judgment as there is no just reason for delay in entering a final judgment as to Plaintiffs' complaint.

DATED:  Honolulu, Hawaii, _____ JUN 1 0 2012  ?

KARL K. SAKAMOTO

**SEAL**

Judge of the above-entitled Court

APPROVED AS TO FORM:

_____
Philip Miyoshi, Esq.
Attorney for Defendants JEFFREY VEGAS and
        KERENAKUPU ESERA-VEGAS

--------------------------------------------------------
<u>Trustees Under the Will and of the Estate of Bernice Pauahi Bishop, also known</u>
<u>as Kamehameha Schools v. Jeffrey Vegas, et al</u>; First Circuit, Civil No. 09-1-
1074-05 (KKS); Findings of Fact; Conclusions of Law; Order Granting
Plaintiffs' Motion for Summary Judgment Against All Defendants Filed on
November 8, 2011

S:\Wpdata\CNakamura\37838\pldgs\FOF.wpd

11

## EXHIBIT "A"

LEASE NO. 10,936

Lessor: Trustees under the Will and of the Estate of Bernice
       Pauahi Bishop, Deceased
Lessee: Sybil M. Dominis
Dated: November 1, 1956
Recorded: Liber 3370　Page 226

ABOVE LEASE AMENDED BY INSTRUMENT
Dated: November 1, 1971
Recorded: Liber 8613　Page 424

The Lessee's Interest by Mesne Assignments Assigned:
ASSIGNMENT OF LEASE
Assignor: First Hawaiian Bank, a Hawaii Corporation, Trustee
      under Trust Agreement Made by Sybil M. Dominis, Dated
      November 6, 1968, as Amended, and John Dominis Schuh,
      Husband of Susan Northfield Schuh, and Sybil Liliuokalani
      Marvik, unmarried
Assignee: Brian K. Woolfenden, husband of Glynne Woolfenden, as
      Tenant in Severalty
Dated: June 4, 2003
Recorded: Document No. 2003-140375

ASSIGNMENT OF LEASE (by mesne assignment)
Assignor: U.S. Bank National Association, as Trustee, on behalf
      of The Holders of The Home Equity Asset Trust 2005-2 Home
      Equity Pass-Through Certificates, Series 2005-2
Assignee: Jeffrey Vegas and Kerenakupu Esera-vegas, husband and
      wife, as Tenants by the Entirety
Dated: April 27, 2007
Recorded: Document No. 2007-095685

<u>SAID LEASE DEMISING</u>:
All of that certain parcel of land situate at Punaluu, District
of Koolauloa, City and County of Honolulu, State of Hawaii, being
LOT 29 of the "PUNALUU BEACH LOTS", as shown on File Plan Number
202, filed in the Bureau of Conveyances of the State of Hawaii,
and containing an area of 0.54 acre, more or less.

<u>Subject, however, to</u>:

1. Real Property Taxes, if any, that may be due and owing.
Tax Key: (1) 5-3-001-029　Area Assessed: 23,689 sq. ft.

1

2.   Reservation in favor of the State of Hawaii of all mineral and metallic mines.

3.   Location of the seaward boundary in accordance with the laws of the State of Hawaii and shoreline setback line in accordance with County regulation and/or ordinance.

4.   Setback (25 Feet Wide)
Purpose:  Building
Along:    Kamehameha Highway
Shown:    on map attached to instrument dated November 1, 1956, recorded in Liber 3370 at Page 226

                    END OF EXHIBIT "A"

2

<u>CERTIFICATE OF SERVICE</u>

    The undersigned hereby certifies that a copy of the foregoing will be served upon filing with the Court on the following parties at their respective addresses by U.S. Mail:

PHILIP W. MIYOSHI, ESQ.
RANDALL K. HIRONAKA, ESQ.
345 Queen Street Suite 702
Honolulu, Hawaii 96813
Attorneys for Defendants JEFFREY VEGAS and
    KERENAKUPU ESERA-VEGAS

NICK WOOLFENDEN as Special Administrator
 of the Estate of BRIAN K. WOOLFENDEN,
 also known as Brian Kenneth Woolfenden
158 Commonwealth Street
Surry Hills, NSW 2010, Australia
Defendant

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
  solely as a nominee for Fremont Investment & Loan
P.O. Box 2026
Flint, Michigan 48501-2026
Defendant

U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf
of The Holders of The Home Equity Asset Trust 2005-2
Home Equity Pass-Through Certificates, Series 2005-2
888 E 4500 S
Murray, Utah 84107-3050
Defendant

GENERAL ELECTRIC CAPITAL CORPORATION
c/o The Corporation Company, Inc.
900 Fort Street Mall, S-1800
Honolulu, Hawaii 96813
Defendant

S:\Wpdata\CNakamura\37838\pldgs\POF.wpd

FIRST RESOLUTION INVESTMENT CORPORATION
c/o The Corporation Company, Inc.
900 Fort Street Mall, S-1800
Honolulu, Hawaii 96813
Defendant

DATED:  Honolulu, Hawaii, _____Feb 29 2012_____.

_____
CHERYL A. NAKAMURA
Attorney for Plaintiffs


NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT
A DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE, AND THAT THE DEBT MAY BE DISPUTED.

S:\Wpdata\CNakamura\37838\pldgs\FOF.wpd

2

U.S. Bankruptcy Court - Hawaii  #12-02080   Dkt # 58   Filed 01/25/13   Page 16 of 25
U.S. Bankruptcy Court - Hawaii  #12-02080   Dkt # 67   Filed  03/12/13   Page 74 of 90

RUSH MOORE LLP
A Limited Liability Law Partnership

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2012 JUN 20 PM 3: 32

H. CHING
CLERK

SUSAN TIUS          2873-0
CHERYL A. NAKAMURA  3007-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Tel. No. 521-0400
Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE PAUAHI BISHOP, DECEASED, also known as KAMEHAMEHA SCHOOLS, <br><br> Plaintiffs, <br><br> vs. <br><br> JEFFREY VEGAS; KERENAKUPU ESERA-VEGAS; NICK WOOLFENDEN as Special Administrator of the Estate of BRIAN K. WOOLFENDEN, also known as Brian Kenneth Woolfenden; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., solely as a nominee for Fremont Investment & Loan; U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf of The Holders of The Home Equity Asset Trust 2005-2 Home Equity Pass-Through Certificates, Series 2005-2; GENERAL ELECTRIC CAPITAL CORPORATION; FIRST RESOLUTION INVESTMENT CORPORATION; JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 2-10, DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS 1-10, <br><br>                Defendants. | Civil No. 09-1-1074-05 (KKS) (Contract) <br><br> JUDGMENT AND CERTIFICATE OF SERVICE <br><br> Hearing: <br> Judge: Hon. Karl K. Sakamoto <br> Date:  January 11, 2012 <br> Time:  9:00 a.m. <br><br> (No Trial Date Set) |

S:\Wpdata\CNakamura\37838\pldgs\FOF.wpd

1

I do hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

<u>JUDGMENT</u>

      In accordance with Haw. R. Civ. P. 58, and pursuant to the Order Granting Plaintiffs' Motion for Summary Judgment Against All Defendants, Judgment is hereby entered in favor of Plaintiffs and against Defendants JEFFREY VEGAS and KERENAKUPU ESERA-VEGAS and all Defendants herein, terminating and cancelling Lease No. 10,936, dated November 1, 1956, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 3370, Page 226, as amended by instrument dated November 1, 1971, recorded as aforesaid in Liber 8613, Page 424 (the "Lease"), and extinguishing all liens encumbering the Lease.  Any and all other or further encumbrancers or purchasers in respect of the property described in the Lease, or any part thereof, whose interest arises from and after July 8, 2009, are hereby forever barred of and from any and all right, title and interest in and to said leasehold property and every part thereof.

      Judgment is also hereby entered in favor of Plaintiffs and against Defendants JEFFREY VEGAS and KERENAKUPU ESERA-VEGAS, jointly and severally, in the sum of $163,116.24, plus rent at the rate of $2,250.00 per month, due on the first day of the month with the next monthly payment due on December 1, 2011, plus late fee interest after November 4, 2011, at the rate of 10% per annum, until judgment is entered herein, or until possession of the Property is returned to Plaintiffs, whichever is later.

S:\Wpdata\CNakamura\37838\pldgs\FOF.wpd

2

U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 58  Filed 01/25/13  Page 18 of 25
U.S. Bankruptcy Court - Hawaii  #12-02080  Dkt # 67  Filed  03/12/13  Page 76 of 90

This judgment is entered as a final judgment as it addresses all claims as to all parties in connection with the cancellation of the Lease, and as there is no just reason for delay pursuant to Haw. R. Civ. P. 54(b).

DATED: Honolulu, Hawaii, _JUN 1 9 2012_____.

KARL K. SAKAMOTO

Judge of the Above Entitled Court

APPROVED AS TO FORM:

_____
Philip Miyoshi, Esq.
Attorney for Defendants JEFFREY VEGAS and
    KERENAKUPU ESERA-VEGAS

Trustees Under the Will and of the Estate of Bernice Pauahi Bishop, also known as Kamehameha Schools v. Jeffrey Vegas, et al; First Circuit, Civil No. 09-1-1074-05 (KKS); Judgment

S:\Wpdata\CNakamura\37838\pldgs\FOF.wpd                    3

<u>CERTIFICATE OF SERVICE</u>

     The undersigned hereby certifies that a copy of the foregoing will be served upon filing with the Court on the following parties at their respective addresses by U.S. Mail:

     PHILIP W. MIYOSHI, ESQ.
     RANDALL K. HIRONAKA, ESQ.
     345 Queen Street Suite 702
     Honolulu, Hawaii  96813
     Attorney for Defendants JEFFREY VEGAS and
         KERENAKUPU ESERA-VEGAS

     NICK WOOLFENDEN as Special Administrator
      of the Estate of BRIAN K. WOOLFENDEN,
      also known as Brian Kenneth Woolfenden
     158 Commonwealth Street
     Surry Hills, NSW 2010, Australia
     Defendant

     MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
       solely as a nominee for Fremont Investment & Loan
     P.O. Box 2026
     Flint, Michigan  48501-2026
     Defendant

     U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf
     of The Holders of The Home Equity Asset Trust 2005-2
     Home Equity Pass-Through Certificates, Series 2005-2
     888 E 4500 S
     Murray, Utah  84107-3050
     Defendant

     GENERAL ELECTRIC CAPITAL CORPORATION
     c/o The Corporation Company, Inc.
     900 Fort Street Mall, S-1800
     Honolulu, Hawaii 96813
     Defendant

S:\Wpdata\CNakamura\37838\pldgs\FOF.wpd

FIRST RESOLUTION INVESTMENT CORPORATION
c/o The Corporation Company, Inc.
900 Fort Street Mall, S-1800
Honolulu, Hawaii 96813
Defendant

DATED:  Honolulu, Hawaii, _____Feb 24, 2012_____.

_____
CHERYL A. NAKAMURA
Attorney for Plaintiffs


NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT
A DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE, AND THAT THE DEBT MAY BE DISPUTED.

S:\Wpdata\CNakamura\37838\pldgs\POF.wpd                -2-

ORIGINAL

FIRST CIRCUIT COURT
STATE OF HAWAII
**ISSUED**

2012 JUN 20 PM 3:32

H. CHIN
CLERK

RUSH MOORE LLP
A Limited Liability Law Partnership

SUSAN TIUS          2873-0
CHERYL A. NAKAMURA  3007-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii  96813
Tel. No. 521-0400
Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE PAUAHI BISHOP, DECEASED, also known as KAMEHAMEHA SCHOOLS, <br><br> Plaintiffs, <br><br> vs. <br><br> JEFFREY VEGAS; KERENAKUPU ESERA-VEGAS; NICK WOOLFENDEN as Special Administrator of the Estate of BRIAN K. WOOLFENDEN, also known as Brian Kenneth Woolfenden; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., solely as a nominee for Fremont Investment & Loan; U.S. BANK NATIONAL ASSOCIATION, as Trustee, on behalf of The Holders of The Home Equity Asset Trust 2005-2 Home Equity Pass-Through Certificates, Series 2005-2; GENERAL ELECTRIC CAPITAL CORPORATION; FIRST RESOLUTION INVESTMENT CORPORATION; JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 2-10, DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS 1-10, <br> Defendants. | Civil No. 09-1-1074-05 (KKS) (Contract) <br><br> WRIT OF POSSESSION; RETURN ON WRIT OF POSSESSION <br><br> <u>Hearing</u> <br> Judge: Hon. Karl K. Sakamoto <br> Date: January 11, 2012 <br> Time: 9:00 a.m. |

## WRIT OF POSSESSION

THE STATE OF HAWAII

TO THE DIRECTOR OF PUBLIC SAFETY OF THE STATE OF HAWAII, HIS/HER DEPUTY, OR TO ANY POLICE OFFICER OF THE CITY AND COUNTY OF HONOLULU OR OTHER PERSON AUTHORIZED BY THE LAWS OF THE STATE OF HAWAII:

WHEREAS, by Order filed herein, Plaintiffs are entitled to a Writ of Possession against JEFFREY VEGAS and KERENAKUPU ESERA-VEGAS, any tenants or occupants, and any persons holding by, through or under said Defendants or any tenants or occupants, for the possession of the premises identified by identified by Tax Map Key No. (1) 5-3-001-029, and identified by an address of 53-065 Kamehameha Highway, Hauula, Hawaii 96717.

NOW THEREFORE, YOU ARE HEREBY COMMANDED TO REMOVE FORTHWITH SAID JEFFREY VEGAS and KERENAKUPU ESERA-VEGAS, and/or any tenants or occupants, and any persons holding by, through or under said Defendants or any tenants or occupants, from the premises above-mentioned, including their personal belongings and proper-ties, and put Plaintiffs in full possession thereof; and make due return of the Writ with what you have done endorsed thereon.

DATED:  Honolulu, Hawaii, ____JUN 19 2012____.

_____
Judge of the above entitled Court

-------------------------------------------------------------------
Trustees Under the Will and of the Estate of Bernice Pauahi Bishop, also known as Kamehameha Schools v. Jeffrey Vegas, et al; First Circuit, Civil No. 09-1-1074-05 (KKS); Writ of Possession; Return on Writ of Possession; Certificate of Service

S:\Wpdata\CNakamura\37838\pldgs\POP.wpd                    -2-

APPROVED AS TO FORM:

_____
Philip Miyoshi, Esq.
Attorney for Defendants JEFFREY VEGAS and
     KERENAKUPU ESERA-VEGAS

---------------------------------------------------------------------------
Trustees Under the Will and of the Estate of Bernice Pauahi Bishop, also known
as Kamehameha Schools v. Jeffrey Vegas, et al; First Circuit, Civil No. 09-1-
1074-05 (KKS); Writ of Possession; Return on Writ of Possession; Certificate
of Service

## RETURN ON WRIT OF POSSESSION

    I hereby certify that I received a copy of the Writ of

Possession and that I executed the same on <u>AUGUST 13, 2012</u> ,

                                                 DATE

20<u>12</u>, at <u>2:22pm</u> . m. at <u>53-065 KAMEHAMEHA HIGHWAY, HAUULA HI. 96717</u>
             TIME                             ADDRESS
WRIT AND JUDGEMENT OF POSSESSION WAS PERSONALLY SERVED UPON THE DEFENDANTS
JEFFREY AND KERENAKUPU ESERA-VEGAS ON JULY 10, 2012, @ 5:58pm ON KING
STREET, DEMONSTRATING IN FRONT OF THE KAMEHAMEHA SCHOOLS. OFFICE.
THE VEGAS'S HAVE LEFT THE PREMISES ON AUGUST 13, 2012 THEREFORE SURRENDERED
            DATED: Honolulu, Hawaii, _____.
  SAID PREMISES TO PLAINTIFF:  TRUSTEES UNDER THE WILL AND OF THE ESTATE
OF BERNICE PAUAHI BISHOP, DECEASED. Also known as. KAMEHAMEHA SCHOOLS.
AND ATTORNEY CHERYL A. NAKAMURA, ESQ.

                                      _____

              TYPE NAME:    SERVICING OFFICER A. SHANNON
              City and County of Honolulu, 8/23/2012
              State of Hawaii

NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT
A DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE, AND THAT THE DEBT MAY BE DISPUTED.

S:\Wpdata\CNakamura\37838\pldgs\POP.wpd

-4-



Print | Help | New Search | Exit

Document List

TRUSTEES BP BISHOP EST ETAL VS JEFFREY VEGAS ETAL                    1CC09-1-001074

| Seq. | Doc Type | Document Title | Date/Time | Filing Party |
|---|---|---|---|---|
| 0000001 | | COMPLAINT; SUMMONS (CASE ASSIGNED TO JUDGE K K SAKAMOTO) | 05/07/2009 16:05 | NAKAMURA, CHERYL ANN |
| 0000002 | NPA | PLTFS' NOTICE OF PENDENCY OF ACTION; EXHIBIT A AND C/S | 05/07/2009 16:12 | NAKAMURA, CHERYL ANN |
| 0000003 | | PLTFS' EX PARTE MOTION FOR IDENTIFICATION OF GENERAL ELECTRIC CAPITAL CORPORATION, AS DOE CORPORATION 1 PURSUANT TO RULE 17(D) OF THE HAWAII RULES OF CIVIL PROCEDURE; DECLARATION OF COUNSEL; ORDER IDENTIFYING DOE CORPORATION 1 AND CERTIFICATE OF SERVICE | 06/29/2009 15:16 | NAKAMURA, CHERYL ANN |
| 0000004 | | PLTFS' EX PARTE MOTION FOR SERVICE BY CERTIFIED MAIL UPON: 1) MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, SOLELY AS A NOMINEE FOR FREMONT INVESTMENT & LOAN, AND 2) US BANK NATIONAL ASSN, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2005-2 HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2005-2;DECLARATION OF COUNSEL ORDER GRANTING PLTFS' EX PARTE MOTION FOR; ETC | 06/29/2009 15:17 | NAKAMURA, CHERYL ANN |
| 0000005 | | PLAINTIFFS' NOTICE OF DISMISSAL WITHOUT PREJUDICE OF COMPLAINT FILED ON 5/7/09 AS AGAINST DEFT GE CAPITAL HAWAII, INC ONLY; CERTIFICATE OF SERVICE | 07/02/2009 12:28 | NAKAMURA, CHERYL ANN |
| 0000006 | RAS | RETURN AND ACKNOWLEDGMENT OF SERVICE (SRVD COMPLAINT;ETC ON FIRST RESOLUTION INVESTMENT CORP THRU THE CORP CO/RONALD GRANT, ESQ ON 7/2/09 BY AGENT A SHANNON) | 07/07/2009 11:40 | NAKAMURA, CHERYL ANN |
| 0000007 | RAS | RETURN AND ACKNOWLEDGMENT OF SERVICE (SRVD COMPLAINT;ETC ON GENERAL ELECTRIC CAPITAL CORP THRU THE CORP CO/RONALD GRANT, ESQ ON 7/2/09 BY AGENT A SHANNON) | 07/07/2009 11:40 | NAKAMURA, CHERYL ANN |
| 0000008 | | PLAINTIFFS' DECLARATION OF SERVICE BY CERTIFIED MAIL UPON DEFENDANT MORTGAGE ELECTRONIC REGIS- TRATION SYSTEMS, INC., SOLELY AS A NOMINEE FOR FREMONT INVESTMENT & LOAN OF THE COMPLAINT; EXHIBT A; C/S | 07/13/2009 15:37 | NAKAMURA, CHERYL ANN |
| 0000009 | RAS | RETURN AND ACKNOWLEDGMENT OF SERVICE (SRVD COMPLAINT; SUMMONS ON KERENAKUPU ESERA-VEGAS THROUGH JEFFREY VEGAS ON 7/24/09 BY AGENT A SHANNON) | 08/04/2009 15:33 | NAKAMURA, CHERYL ANN |
| 0000010 | RAS | RETURN AND ACKNOWLEDGMENT OF SERVICE (SRVD COMPLAINT; SUMMONS ON JEFFREY VEGAS ON 7/24/09 BY AGENT A SHANNON) | 08/04/2009 15:33 | NAKAMURA, CHERYL ANN |
| 0000011 | | PLTFS' REQUEST TO CLERK TO ENTER DEFAUL OF DEFT MORTGAGE ELECTRONIC REGISTRATIN SYSTEMS, INC, SOLELY AS A NOMINEE FOR FREMONT INVESTMENT & LOAN; DECLARATION OF COUNSEL; ENTRY OF DEFAULT AND C/S | 08/07/2009 11:55 | NAKAMURA, CHERYL ANN |
| 0000012 | | PLTFS' REQUEST TO CLERK TO ENTER DEFAULTS OF DEFTS GENERAL ELECTRIC CAPITAL CORPORATION AND FIRST RESOLUTION INVESTMENT CORPORATION; DECLARATION OF COUNSEL; ENTRY OF DEFAULTS AND C/S | 08/07/2009 11:57 | NAKAMURA, CHERYL ANN |
| 0000013 | | PLTFS' REQUEST TO CLERK TO ENTER DEFAULTS OF DEFTS GENERAL ELECTRIC CAPITAL CORPORATION AND FIRST RESOLUTION INVESTMENT CORPORATION; DECLARATION OF COUNSEL; ENTRY OF DEFAULTS AND C/S | 08/07/2009 11:57 | NAKAMURA, CHERYL ANN |
| 0000014 | | PLTFS' DECLARATION OF SERVICE BY CERTIFIED MAIL UPON DEFT US BANK NATIONAL ASSOC, AS TRUSTEE, ON B/HALF OF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2005-2 HOME EQUITY | 09/24/2009 11:34 | NAKAMURA, CHERYL ANN |

**EXHIBIT "8"**

U.S. Bankruptcy Court - Hawaii   #12-02080   Dkt # 67   Filed  03/12/13   Page 84 of 90

| | | | | |
|---|---|---|---|---|
| | | PASS-THROUGH CERTIFICATES SERIES 2005-2 OF THE COMPLAINT; EXHIBIT A; C/S | | |
| 0000015 | | PLAINTIFFS' DECLARATION OF CERTIFIED MAILING UPON DEFENDANT NICK WOOLFENDEN AS SPECIAL ADMINISTRATOR OF THE ESTATE OF BRIAN K WOOLFENDEN, ALSO KNOWN AS BRIAN KENNETH WOOLFENDEN W/S (SRVD COMPLAINT ETC ON NICK WOOLFENDEN AS SPECIAL ADMINISTRATOR OF THE ESTATE OF BRIAN K WOOLFENDEN AKA BRIAN KENNETH WOOLFENDEN ON 7/25/09 BY CERTIFIED MAIL) | 10/12/2009 11:36 | NAKAMURA, CHERYL ANN |
| 0000016 | | PLAINTIFFS' REQUEST TO CLERK TO ENTER DEFAULT OF DEFENDANT US BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2005-2; DECLARATION OF COUNSEL; ENTRY OF DEFAULT AND C/S | 10/22/2009 08:17 | NAKAMURA, CHERYL ANN |
| 0000017 | RAS | RETURN AND ACKNOWLEDGMENT OF SERVICE (SRVD COMP; ETC ON NICK WOOLFENDEN AS SPECIAL ADMIN OF THE ESTATE OF BRIAN K WOOLFENDEN, AKA BRIAN KENNETH WOOLFENDEN THRU GLENNARD FONG ON 10/27/09 PER A SHANNON) | 10/28/2009 14:56 | FILED BY COURT, COURT |
| 0000018 | | PLTFS' REQUEST TO CLERK TO ENTER DEFAULTS OF DEFTS JEFFREY VEGAS, KERENAKUPU ESERA-VEGAS AND NICK WOOLFENDEN AS SPECIAL ADMINISTRATOR OF THE ESTATE OF BRIAN K. WOOLFENDEN, ALSO KNOWN AS BRIAN KENNETH WOOLFENDEN; DECLARATION OF COUNSEL; ENTRY OF DEFAULTS AND CERTIFICATE OF SERVICE | 11/18/2009 15:56 | NAKAMURA, CHERYL ANN |
| 0000019 | | PLAINTIFFS EX PARTE MOTION FOR FIRST EXTENSION OF TIME TO FILE PRETRIAL STATEMENT; DECLARATION OF COUNSEL; ORDER GRANTING PLAINTIFFS EX PARTE MOTION FOR FIRST EXTENSION OF TIME TO FILE PRETRIAL STATEMENT AND C/S | 01/14/2010 15:34 | NAKAMURA, CHERYL ANN |
| 0000020 | | PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFENDANTS; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION IN SUPPORT OF MOTION; DECLARATION OF COUNSEL; EXHIBITS A-L; NOTICE OF HEARING AND C/S (HRG 4/1/10 @ 8:30AM BEFORE J/SAKAMOTO) | 01/20/2010 13:49 | NAKAMURA, CHERYL ANN |
| 0000021 | | NOTICE OF APPEARANCE OF COUNSEL; CERTIFICATE OF SERVICE (BY MICHAEL P KALISH APPEARS AS COUNSEL FOR DEFTS JEFFREY VEGAS AND KERENAKUPU ESERA-VEGAS) | 03/31/2010 12:23 | KALISH, MICHAEL PATRICK |
| 0000022 | | NOTICE OF FILING OF BANKRUPTCY; EXHIBIT 1; CERTIFICATE OF SERVICE | 03/31/2010 12:24 | KALISH, MICHAEL PATRICK |
| 0000023 | | ORDER REQUIRING FILING OF STATUS REPORTS | 04/05/2010 08:33 | FILED BY COURT, COURT |
| 0000024 | | PLAINTIFFS EX PARTE MOTION FOR SECOND EXTENSION OF TIME TO FILE PRE TRIAL STATEMENT; DECLARATION OF COUNSEL; ORDER GRANTING PLAINTIFFS EX PARTE MOTION FOR SECOND EXTENSION OF TIME TO FILE PRE TRIAL STATEMENT AND C/S | 07/09/2010 14:46 | NAKAMURA, CHERYL ANN |
| 0000025 | | PLAINTIFFS FIRST REPORT REGARDING BANKRUPTCY STATUS AND C/S | 10/07/2010 15:06 | NAKAMURA, CHERYL ANN |
| 0000026 | | PLAINTIFFS' EX PARTE MOTION FOR THIRD EXTENSION OF TIME TO FILE PRE-TRIAL STATEMENT; DECLARATION OF COUNSEL; ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR THIRD EXTENSION OF TIME TO FILE PRE-TRIAL STATEMENT AND C/S | 01/05/2011 15:23 | NAKAMURA, CHERYL ANN |
| 0000027 | | PLTFS' SECOND REPORT REGARDING BANKRUPTCY STATUS AND C/S | 03/21/2011 12:06 | NAKAMURA, CHERYL ANN |
| 0000028 | | NOTICE OF ORDER GRANTING RELIEF FROM AUTOMATIC STAY; EXHIBIT A; C/S | 07/12/2011 15:18 | NAKAMURA, CHERYL ANN |
| 0000029 | | PLTFS' THIRD REPORT REGARDING BANKRUPTCY STATUS AND C/S | 09/20/2011 11:13 | NAKAMURA, CHERYL ANN |
| 0000030 | | NOTICE OF FILING OF THE ORDER DISMISSING THE BANKRUPTCY CASE OF KERENA VEGAS AND JEFFREY VEGAS; EXHIBITS A AND B; AND C/S | 11/04/2011 11:23 | NAKAMURA, CHERYL ANN |
| 0000031 | | PLTFS' MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFTS; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION IN SUPPORT OF MOTION; DECLARATION OF COUNSEL; EXHS A-O; | 11/08/2011 15:54 | TIUS, SUSAN |

| | NOTICE OF HEARING AND C/S | | |
|---|---|---|---|
| 0000032 | PLTF'S EX PARTE MOTION FOR FOURTH EXTENSION OF TIMETO FILE PRE-TRIAL STATEMENT; DECLARATION OF COUNSEL; ORDER GRANTING PLTFS' EX PARTE MOTION FOR FOURTH EXTENSION OF TIME TO FILE PRE-TRIAL STATEMENT & C/S | 11/09/2011 11:47 | NAKAMURA, CHERYL ANN |
| 0000033 | DEFT'S NOTICE OF WITHDRAWAL AND SUBSTITUTION OF COUNSEL AND ORDER | 11/25/2011 13:46 | KALISH, MICHAEL PATRICK |
| 0000034 | STIPULATION & ORDER CONTINUING HRG ON PLTFS' MTN FOR SUMMARY JGMT AGAINST ALL DEFTS | 12/07/2011 11:54 | MIYOSHI, PHILIP WILLIAM |
| 0000035 | PLAINTIFFS' EX PARTE MOTION FOR FIFTH EXTENSION OF TIME TO FILE PRE-TRIAL STATEMENT; DECLARATION OF COUNSEL; ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR FIFTH EXTENSION OF TIME TO FILE PRE-TRIAL STATEMENT AND C/S | 12/20/2011 15:12 | NAKAMURA, CHERYL ANN |
| 0000036 | DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLTFS' MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFTS; DECLARATION OF KERENAKUPU ESERA-VEGAS; EXHS A-C; DECLARATION OF JEFFREY VEGAS; C/S | 01/05/2012 11:23 | MIYOSHI, PHILIP WILLIAM |
| 0000037 | PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFENDANTS FILED ON 11/08/11 AND C/S | 01/06/2012 15:07 | TIUS, SUSAN |
| 0000038 | DEFT'S MOTION FOR LEAVE TO FILE ANSWER AND COUNTERCLAIM; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF PHILIP MIYOSHI; EXHIBIT A; NOTICE OF HEARING MOTION AND C/S | 01/10/2012 11:43 | MIYOSHI, PHILIP WILLIAM |
| 0000039 | (DENIED) DEFT'S EX PARTE MOTION TO SHORTEN TIME OR IN THE ALTERNATIVE TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, FILED 11/8/11; DECLARATION OF PHILIP MIYOSHI; EXHIBITS A AND B; ORDER GRANTING EX PARTE MOTION TO SHORTEN TIME; [ALTERNATIVE] ORDER GRANTING EX PARTE MOTION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, FILED 11/8/11 | 01/10/2012 13:32 | MIYOSHI, PHILIP WILLIAM |
| 0000040 | PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFTS' MOTION FOR LEAVE TO FILE ANSWER & COUNTERCLAIM FILED ON 1/10/12; DECLARATION; EXH "A"-"G" & C/S | 01/30/2012 08:55 | TIUS, SUSAN |
| 0000041 | REPLY MEMORANDUM IN SUPPORT OF DEFTS' MOTION FOR LEAVE TO FILE ANSWER & COUNTERCLAIM; C/S | 02/02/2012 15:20 | MIYOSHI, PHILIP WILLIAM |
| 0000042 | PLAINTIFFS' SETTLEMENT CONFERENCE STATEMENT; EXHS "A"-"G" & C/S | 02/09/2012 14:58 | TIUS, SUSAN |
| 0000043 | NOTICE OF SUBMISSION; EXHIBITS A-D AND C/S | 02/24/2012 15:46 | TIUS, SUSAN |
| 0000044 | DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT AND FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE ANSWER AND COUNTERCLAIM; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF PHILIP MIYOSHI; EXHIBITS "A"-"B"; DECLARATION OF KERENAKUPU ESERA-VEGAS; EXHIBITS "C"-"T"; C/S | 03/01/2012 11:18 | HIRONAKA, RANDALL KEN |
| 0000045 | PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGEMENT AND FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS MOTION FOR LEAVE TO FILE ANSWER AND COUNTERCLAIM FILED ON 3/1/12 AND C/S | 03/12/2012 14:52 | TIUS, SUSAN |
| 0000046 | NOTICE OF SUBMISSION RE: ORDER GRANTING IN PART AND DENYING IN PART DEFT'S MOTION FOR LEAVE TO FIL FILE ANSWER AND COUNTERCLAIM FILED ON 1/10/12; EXH A AND C/S | 06/08/2012 15:26 | TIUS, SUSAN |
| 0000047 | ORDER GRANTING IN PART AND DENYING IN PART DEFTS' MOTION FOR LEAVE TO FILE ANSWER AND COUNTERCLAIM FILED ON 1/10/12 | 06/19/2012 15:41 | NAKAMURA, CHERYL ANN |
| 0000048 | FINDINGS OF FACT; CONCLUSIONS OF LAW; ORDER GRANTING PLTFS' MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFTS FILED ON 11/8/11; EXH A & C/S | 06/20/2012 15:29 | TIUS, SUSAN |
| 0000049 | JUDGMENT & C/S | 06/20/2012 | TIUS, SUSAN |



| 0000050 | JUDGMENT FOR POSSESSION; C/S | 15:31 06/20/2012 15:34 | TIUS, SUSAN |

<Previous | Next>    **Page Number:** 1 of 2

Party List    Case Info.



Print | Help | New Search | Exit

Document List

TRUSTEES BP BISHOP EST ETAL VS JEFFREY VEGAS ETAL | 1CC09-1-001074

| Seq. | Doc Type | Document Title | Date/Time | Filing Party |
|------|----------|----------------|-----------|--------------|
| 0000051 | | WRIT OF POSSESSION; RETURN ON WRIT OF POSSESSION (ORIG OUT FOR SERVICE) (SRVD 8/13/12) | 06/20/2012 15:32 | TIUS, SUSAN |
| 0000052 | | NOTICE OF ENTRY OF JUDGMENT | 06/20/2012 15:40 | TIUS, SUSAN |
| 0000053 | | CERTIFICATE OF SERVICE | 06/20/2012 15:43 | TIUS, SUSAN |
| 0000054 | CS | CERTIFICATE OF SERVICE | 06/21/2012 15:09 | TIUS, SUSAN |
| 0000055 | | NOTICE OF SUBMISSION RE: ORDER DENYING DEFTS' MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT AND FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE ANSWER AND COUNTERCLAIM, FILED ON MARCH 1, 2012; EXHIBIT "A" AND C/S | 07/05/2012 15:11 | NAKAMURA, CHERYL ANN |
| 0000056 | | COUNTERCLAIM; JURY DEMAND; CERTIFICATE OF SERVICE | 07/06/2012 11:45 | HIRONAKA, RANDALL KEN |
| 0000057 | | ORDER DENYING DEFTS' MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT AND FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFTS' MOTION FOR LEAVE TO FILE ANSWER AND COUNTERCLAIM, FILED ON MARCH 1, 2012 | 07/24/2012 15:51 | NAKAMURA, CHERYL ANN |
| 0000058 | CS | CERTIFICATE OF SERVICE | 07/25/2012 11:36 | TIUS, SUSAN |
| 0000059 | | PLTFS' REPLY TO DEFTS/COUNTERCLAIMANTS JEFFREY VEGAS AND KERENAKUPU ESERA-VEGAS'S COUNTERCLAIM FILED ON JULY 6, 2012; C/S | 07/26/2012 14:57 | CHIPCHASE IV, CALVERT GRAHAM |
| 0000060 | | MOTION TO AMEND EVICTION/WRIT OF POSSESSION DECISION BY JUDGE SAKAMOTO DUE TO NON-TITLE OF PLTF IN THE AHUPUAA OF PUNALUU, OAHU; AFFIDAVIT OF AMELIA GORA; C/S | 08/30/2012 10:16 | PRO SE |
| 0000061 | | PLAINTIFFS' MEMORANDUM IN OPPOSITION TO NON-PARTY AMELIA GORA'S "MOTION TO AMEND EVICTION/WRIT OF POSSESSION DECISION BY JUDGE SAKAMOTO DUE TO NON- TITLE OF PLTF IN THE AHUPUAA OF PUNALUU, OAHU" FILED ON 8/30/12 & C/S | 09/10/2012 16:03 | NAKAMURA, CHERYL ANN |
| 0000062 | | MOTION FOR OBJECTION TO EVICTION/WRIT OF POSSESSION DECISION BY JUDGE SAKAMOTO DUE TO, CONTESTED MATTER, (HPR), RULE 19, MEMORANDUM IN SUPPORT OF MOTION FOR DISPOSITION OF CONTESTED MATTERS, (HPR), RULE 20 (A),(B),(C),(D),(F),(G); MOTION FOR PREMISSIVE JOINDER, HAWAII RULES OF CIVIL PROCEDURE, RULE 20(A) COMBINE MOTION FOR (1A), (DETERMINATION OF HEIRS, HPR) RULE 73 | 09/13/2012 16:11 | PRO SE |
| 0000063 | | (1),(3) & (2A), CLERICAL MISTAKES (HRCP) RULE 60 RELIEF; MOTIONS FOR AFFIDAVIT OF GENEALOGY (EXH B), DEED (EXH C), PROBATE (EXH D) | 09/13/2012 16:11 | PRO SE |
| 0000064 | | PLAINTIFFS' MEMORANDUM IN OPPOSITION TO NON-PARTY FRANCIS P K GORA'S "MOTION FOR OBJECTION TO EVICTION/WRIT OF POSSESSION DECISION BY JUDGE SAKAMOTO DUE TO, CONTESTED MATTER (HPR), RULE 19, MEMORANDUM IN SUPPORT OF MOTION FOR DISPOSITION OF CONTESTED MATTERS, (HPR) RULE 20 (A) (B) (C) (D) (F) (G); MOTION FOR PERMISSIVE JOINDER, HAWAII RULES OF CIVIL PROCEDURE, RULE 20 (A) COMBINE | 09/24/2012 11:20 | NAKAMURA, CHERYL ANN |
| 0000065 | | MOTION FOR (1A) , (DETERMINATION OF HEIRS, HPR) RULE 73 (1), (3) & (2A), CLERICAL MISTAKES (HRCP) RULE 60 RELIEF; MOTIONS FOR AFFIDAVIT | 09/24/2012 | NAKAMURA, |

| | | | | |
|---|---|---|---|---|
| | OF GENEALOGY (EXH B), DEED (EXH C), PROBATE (EXH D)" FILED ON 9/13/12 & C/S | 11:20 | | CHERYL ANN |
| 0000066 | ORDER DENYING FRANCIS P.K. GORA'S MOTION FOR OBJECTION TO EVICTION/WRIT OF POSSESSION DECISION BY JUDGE SAKAMOTO DUE TO CONTESTED MATTER, (H.P.R) RULE 19, MEMORANDUM IN SUPPORT OF MOTION FOR DISPOSITION OF CONTESTED MATTERS, (H.P.R.) RULE 20. (A), (B), (C), (D), (F), (G); MOTION FOR PERMISSIVE JOINDER, HAWAII RULES OF CIVIL PROCEDURE RULE 20(A) COMBINE MOTION FOR (1A), | 10/16/2012 14:33 | | OTHER |
| 0000067 | (DETERMINATION OF HEIRS H.P.R.) RULE 73.(1), (3) & (2A), CLERICAL MISTAKES (H.R.C.P) RULE 60 RELIEF; MOTIONS FOR AFFIDAVIT OF GENEALOGY (EXH B), DEED (EXH C) , PROBATE (EXH D) | 10/16/2012 14:33 | | OTHER |
| 0000068 | ORDER DENYING AMELIA GORA'S MOTION TO AMEND EVICTION/WRIT OF POSSESSION DECISION BY JUDGE SAKAMOTO DUE TO NON-TITLE OF PLTF IN THE AHUPUAA OF PUNALUU, OAHU | 10/16/2012 14:33 | | OTHER |
| 0000069 | COMBINE MOTIONS: MOTION FOR REMOVING CLOUDS ON TITLE, HAWAII REVISED STATUE 501-73 & MOTION FOR EXAMINERS OF TITLES, HAWAII REVISED STATUE 501-11, APPOINTMNET, REMOVAL; COMBINE MOTIONS FOR AMENDMENTS TO AFFIDAVIT OF GENEALOGY(EXH B), DEED (EXH C), PROBATE (EXH D) & CLERICAL MISTAKES, (HAWAII RULES OF COURT PROCEDURES) RULE 60, RELIEF; C/S | 10/22/2012 13:19 | | OTHER |
| 0000070 | NOTICE OF APPEAL TO THE CIRCUIT COURT; STATEMENT OF THE CASE; EXH F; DESIGNATION OF RECORD ON APPEAL; ORDER FOR CERTIFICATION; TRANSMISSION OF RECORD; MOTION TO INTERVENE, HAWAII RULE OF CIVIL PROCEDURES, RULE 24; MOTION FOR CLERICAL MISTAKES, HAWAII RULES OF CIVIL PROCEDURES) RULE 60. RELIEF; AND C/S | 10/24/2012 12:31 | | OTHER |
| 0000071 | MOTION TO EXTEND TIME TO ANSWER JUDGE SAKAMOTO'S ORDER AND DECISION TO AMELIA GORA'S MOTION TO AMEND EVICTION/WRIT OF POSSESSION DECION BY JUDGE SAKAMOTO DUE TO NON-TITLE OF PLTF IN THE AHUPUAA OF PUNALUU, OAHAU; DECLARATION OF ; C/S | 10/26/2012 13:35 | | PRO SE |
| 0000072 | O | ORDER DENYING FRANCIS GORA'S COMBINE MTNS; MTN FOR REMOVING CLOUDS ON TITLE, HAWAII REVISED STATUTE 501-73 TITLES, HAWAII REVISED STATUTE 501-11, APPOINTMENT, REMOVAL; COMBINE MTNS FOR AMENDMENTS TO AFFIDAVIT OF GENEALOGY (EXH B), DEED (EXH C), PROBATE (EXH D) & CLERICAL MISTAKES, (HAWAII RULES OF COURT PROCEDURES) RULE 60 | 10/31/2012 11:57 | FILED BY COURT, COURT |
| 0000073 | O | ORDER DENYING FRASNCIS GORA'S NOTICE OF APPEAL TO THE CIRCUIT COURT; STATEMENT OF THE CASE; EXH F; DESIGNATION OF RECORD ON APPEAL; ORDER FOR CERTI- FICATION; TRANSMISSION OF RECORD; MTN TO INTERVENE HAWAII RULES OF CIVIL PROCEDURE, RULE 24; MTN FOR CLERICAL MISTAKES, HI RULES OF CIVIL PROCEDURE RULE 60 | 10/31/2012 11:57 | FILED BY COURT, COURT |
| 0000074 | O | ORDER DENYING AMELIA GORA'S MTN TO EXTEND TIME TO ANSWER JUDGE SAKAMOTO'S ORDER AND DECISION TO AMELIA GORA'S MTN TO AMEND EVICTION/WRIT OF POSSESSION DECISION BY JUDGE SAKAMOTO DUE TO NON-TITLE OF PLTF IN THE AHUPUAA OF PUNALUU, OAHU | 10/31/2012 11:58 | FILED BY COURT, COURT |
| 0000075 | | NOTICE OF PLTFS TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE PAUAHI BISHOP, DECEASED, AKA KAMEHAMEHA SCHOOLS, OF AUTOMATIC STAY AS TO DEFT KERENAKUPU ESERA-VEGAS; EXH A; C/S | 11/01/2012 10:22 | | CHONG KEE, DENNIS WILLIAM |
| 0000076 | | NOTICE OF APPEARANCE OF CO-COUNSEL FOR COUNTER- CLAIM DEFTS TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE PAUAHI BISHOP, DECEASED AKA KAMEHAMEHA SCHOOLS; C/S | 11/01/2012 15:59 | | NAKAMURA, CHERYL ANN |
| 0000077 | NOA | NOTICE OF APPEAL; APPEALS AS OF RIGHT OR INTERLOCUTORY, CIVIL MATTERS CHAPTER, HAWAII REVISED STATUES 641-1(A)(B)(C); APPEALS- HOW TAKEN HAWAII RULES OF APPELLATE | 11/08/2012 13:29 | | PRO SE |

| | | PROCEDURES RULE 3(A)(B) (C)(D)(E)(F); EXHIBIT 2A (CAAP-12-999; E FILED @ ICA ON 11/13/12) | | |
| 0000078 | | NOTICE FOR PAYMENT OF FEES ($300; DUE 11/09/12) (PAYMENT RCVD 11/08/12) | 11/08/2012 13:35 | FILED BY COURT, COURT |
| 0000079 | NTDW | NOTICE OF TAKING DEPOSITION UPON WRITTEN QUESTIONS; QUESTIONS; C/S | 11/21/2012 12:24 | MIYOSHI, PHILIP WILLIAM |
| 0000080 | SDT | SUBPOENA DUCES TECUM: C/R, STATE OF HAWAII, DEPT OF TRANSPORTATION (ORIG RETD 12/11/12; SRVD THRU NANCY F FUJIO ON 11/27/12) | 11/21/2012 12:27 | MIYOSHI, PHILIP WILLIAM |
| 0000081 | SDT | SUBPOENA DUCES TECUM: HAWAII STATE CIVIL DEFENSE (ORIG RETD 12/11/12; SRVD THRU DOUG MAYNE ON 11/28/12) | 11/21/2012 12:30 | MIYOSHI, PHILIP WILLIAM |
| 0000082 | ROA | RECORD ON APPEAL (CAAP-12-0999)(PART 1 OF 2) | 12/26/2012 14:31 | FILED BY COURT, COURT |
| 0000083 | ROA | RECORD ON APPEAL (CAAP-12-0999)(PART 2 OF 2) | 12/26/2012 14:31 | FILED BY COURT, COURT |
| 0000084 | | NOTICE OF APPEARANCE OF CO-COUNSEL AND REQUEST FOR NOTICE AND CERTIFICATE OF SERVICE (CAAP-12-0000999; E-FILED @ ICA ON 12/27/12) | 12/28/2012 13:32 | FILED BY COURT, COURT |
| 0000085 | | PLTFS/COUNTERCLAIM DEFTS' MOTION FOR SUMMARY JUDGMENT ON DEFTS/COUNTERCLAIMANTS JEFFREY VEGAS AND KERENAKUPU ESERA-VEGAS' COUNTERCLAIM FILED ON 7/6/12; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF DENNIS W CHONG KEE; EXHS A-C; NOTICE OF HEARING ON MOTION AND C/S | 02/26/2013 11:11 | CHONG KEE, DENNIS WILLIAM |

<Previous | Next>   Page Number: 2 of 2

Party List     Case Info.